FRANKLIN,
January,
1832.

### RUTH CARR vs. JOHN CORNELL.

In an action on *book account*, though each party is made a witness by statute, that provision does not extend to the wife of either; nor can she be admitted to testify.

This was an action on *book account*, in which the wife of the defendant was offered a witness for her husband, and excluded by the auditor. The county court affirmed this decision. On exceptions to that decision, the cause was brought up to this

Court, and here argued.    The facts will be fully understood from *Franklin, January, 1832.*
the arguments, and the opinion of the Court.

Carr
*vs.*
Cornell.

*Hunt and Beardsley, for the defendant.*—The question present-
ed in this case, for the decision of the Court, is, whether the
auditor improperly rejected the defendant's wife, offered by him
as a witness.    The report states, that the defendant offered his
wife to prove, that she made the contract with the plaintiff, settled
with her, and paid her for her services ; and that the knowledge
of these facts was exclusively with the witness offered.    It also
states, that the plaintiff's charges were for labour performed in the
defendant's family.    Under such a state of facts, whatever may
be the law, as it respects the competency of the wife, under other
circumstances, we insist, she was a competent witness, and ought to
have been admitted in the present case.    We are aware, that, as
a general rule, the wife cannot be a witness for, or against, her
husband : but to this rule, even ⸱ at common law, there are sundry
exceptions, which grow out of the necessity of particular cases.
But if, under any circumstances, the wife can be a witness, at
common law, upon the ground of necessity, or any other ground,
the same principle of necessity ought, unquestionably, to apply in
this case, and determine the right.

It is apparent, from the facts in this case, that the defendant's
wife acted as the agent of her husband, and, indeed, transacted
the whole of the business ; and that her husband was not privy to
any portion of it ; and it is upon this ground, that her declarations
have been held to be admissible.    We are unable to discover
why she may not herself be a witness.

But, again, the statute has expressly constituted the parties, in
book actions, competent witnesses, which is in direct violation of
the common law rule upon this subject.    The book action is ex-
clusively a *creature* of the statute ; and, in some of its main features,
directly opposed to common law principles ; and, if the declara-
tions of the wife may be given in evidence at common law, when
the husband himself cannot be a witness, in analogy to that *doctrine,*
we think, that we may well insist upon her competency, under the
statute, in cases where the husband, being a party, may be a wit-
ness.    In short, under the statute, we insist, that wherever the
husband may testify in his own cause, his wife may be a witness
for him ; and this principle seems to be recognized in the state of
Connecticut.—1 *Swift's Evidence,* 98.

*Mr. Stevens, for the plaintiff.*—For the plaintiff it is contend-
ed, that, by the common law, a wife can in no case be admitted to

FRANKLIN,
January,
1832.

Carr
vs.
Cornell

testify for or against her husband.—4 *Term Rep.* 678, *Davis vs. Dunwoody*; 6 *Term Rep.* 680; 2 *Starkie*, 706; *Peake's Ev.* 180. It is also contended, that the act passed February 23d, 1797, relating to actions of account, being in derogation of common law, should be construed strictly; and that, from the words of the act, it was not the intention of the legislature to enable the wife of a party to be made a witness.—*Statute*, 141.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*— It appears by the report of the auditor in this case, that the parties exhibited their mutual accounts before him; and that of the plaintiff exceeded that of the defendant, by a small sum; and he reported a balance in favor of the plaintiff, after disallowing some items of the defendant's account. The county court rendered judgement for the plaintiff on the report, and the defendant excepted to the decision, and brought the action up to this Court. One question only is now presented; that is, whether the auditor did right in excluding the wife of the defendant, when offered by him as a witness to support the defendant's account. We consider that the auditor was correct in excluding this witness, and the county court correctly confirmed his decision. The general principle of law is, that no person interested in a cause can be admitted to testify in favor of that interest. Neither can a feme covert testify in favor of her husband; because they are necessarily one in interest. Nor can she be permitted to testify against her husband, were she willing, because it would necessarily destroy that social harmony, which ought ever to exist between husband and wife. But it is contended, that the statute having made the defendant a witness to support his own account, that includes the admission of the wife also; especially in a case like this, where the wife had a more particular knowledge of the transactions than her husband. It is true the legislature might have enacted a law broad enough to have admitted the wife, as well as the husband. But they have not done so; and we cannot extend the provisions of the statute: nor should we be disposed to do it, if we had the power. As soon as the wife is introduced as a witness for the defendant, her husband, she must be liable to the cross-examination of the opposite party; and this is attended with all the inconveniences that can be urged in any other case. It has the same tendency to interrupt the harmony of the matrimonial connexion. It was said in argument, that the wife had been admitted in a like case in Connecticut. I have examined *Swift's*

*Digest*, and have failed to find any mention of it. There may have been such a decision there; for they once had a statute which admitted interested witnesses, other than the parties, in actions of book debt, as the action is there termed. But I should hardly think it good policy to admit the wife, even under such a statute. Be that as it may, we have no such statute here.

The judgement of the county court is affirmed.