### Ebenezer Littlefield *vs.* David Rice.

A wife who keeps her husband's accounts is a competent witness for him, in a suit in which he introduces his book of original entries, to testify that she made the entries, by his direction and in his presence : And after she has so testified, he may be permitted to testify as to the times when the entries were made, and that the charges contained in them are just and true.

Assumpsit to recover $41·75, the amount of the plaintiff's account for work and labor, annexed to his writ. The fol-lowing is the report of the trial in the court of common pleas. before *Washburn,* J.

" The plaintiff produced a book of accounts, and to the inquiry of his counsel answered that it was his book of original entries, and that the entries were made by his wife, in his presence and by his direction. The defendant objected to the plaintiff's testifying to entries made by his wife. The plaintiff then called his wife as a witness, to prove that the entries were in her hand writing and made by his direction and in his presence. To this the defendant objected, but the judge admitted her testimony, which was thus: 'I made these entries in my husband's presence and by his direction.' Upon cross-examination, she said, ' I made them because I have been in the habit of keeping his accounts. He is nervous when he works out. He can write. The dates were when the work was done. They were made at different dates along when they are dated. I made them at different times. I made them as he told me.' Two or three entries in the book were shown to her, which she said were made by her husband.

" The plaintiff's counsel then called him again, and inquired of him when the entries were made. The defendant objected to the plaintiff's testifying. But the judge ruled that, after the testimony of the wife, it was competent for him to testify to the same extent as if he had himself done the writing upon the book ; and thereupon he testified that ' the entries were made as the work was done, within two or three days. The dates were made at the times they were charged. In some instances, the charges were made at evening. The account is just and true.' There was other evidence in the case, and a verdict was rendered for the plaintiff, and the defendant excepts to the foregoing rulings of the judge."

*Train*, for the defendant. When a plaintiff is admitted to verify charges on book, he is allowed only to make his book evidence, and is not a witness in chief. But a wife, if admitted to testify as to her husband's books, may be, and must necessarily be, a witness in chief, like any other book-keeper, and may be cross-examined. Therefore, if the objection of interest does not exclude her, for the reason that her husband may himself be a witness, yet the rule of policy, which is

adopted to guard domestic peace, forbids her to be called as a witness. 1 Phil. Ev. (4th Amer. ed.) 77. 2 ib. 688. *Carr* v. *Cornell*, 4 Verm. 116.

The testimony given by the plaintiff, after his wife had testified, was inadmissible. She testified as his clerk. If any other person had been his clerk, or book-keeper, the plaintiff could not be permitted to give additional testimony. *Sterrett* v. *Bull*, 1 Binn. 237, 238.

*Mellen*, for the plaintiff. This case is analogous to those of *Foster* v. *Sinkler*, 1 Bay, 40, and *Smith* v. *Sanford*, 12 Pick. 139. The first of these cases was a suit by two partners, one of whom was out of the State; and the other was admitted to testify that the entries in their book were in the hand writing of the absent partner. In the other case, entries made by one partner, from chalk scores made on a cart by the other were allowed to be verified by the oath of both. See als: *Hartley* v. *Brookes*, 6 Whart. 189.

The case of *Carr* v. *Cornell*, was decided upon the construction of a statute of Vermont. Besides; the wife, in that case, was offered as a witness in chief. In *Stanton* v. *Willson*, 3 Day, 37, a wife was held to be a witness for her husband in an action of book debt.

The plaintiff might, perhaps, have safely stopped, when he had proved by the testimony of his wife that the entries were in her hand writing, and made by his direction. But his subsequent testimony, if unnecessary, was admissible. *Mathes* v. *Robinson*, 8 Met. 269.

HUBBARD, J. No case, like the one at bar, of husband and wife testifying for each other as to entries in the book of the husband, has been before this court. But a case similar in principle has occurred, and which has been the subject of judicial decision. It was the case of two partners, who were butchers, one of whom, in the instances on trial, delivered the articles, scoring them in chalk on his cart, and the other copied them from the chalk marks into their book. The court there held, that both parties might be admitted to prove the truth of the charges, the testimony being incomplete with-

out the oath of both, not as varying the rule, but enforcing it, by allowing the introduction of the two partners to substantiate the charges. *Smith* v. *Sanford,* 12 Pick. 139. See also, *Ash* v. *Patton,* 3 S. & R. 300. *Foster* v. *Sinkler,* 1 Bay, 40. So, in the present case, it was considered on the trial, that the person who did the work could not prove the items contained in the book, without the testimony of the wife to the truth of the entries, and she was admitted to testify.

The only difference in substance between the cases is, that in the case at bar the wife of the plaintiff was the witness instead of a co-partner. And we are of opinion that, the same necessity existing for the purposes of justice, the same exception to the general rule in regard to interested witnesses will apply. *Stanton* v. *Willson,* 3 Day, 37.

We do not intend to decide that she would be compelled to testify against her own will, or that she could be called by the opposite party ; but she is admissible as a witness, her husband consenting, to prove the entries made by her, for the same reason that the husband, if he had made them, would be admissible. *Pedley* v. *Wellesley,* 3 Car. & P. 558.

A different decision has been made in Vermont, in which it was held that in an action on book account, though each party is made a witness by statute, the provision does not extend to the wife of either, and not being admitted by statute, she ought to be excluded by the general rules of law. *Carr* v. *Cornell,* 4 Verm. 116. But we do not yield to the reasoning in that case, and are of opinion that she is admissible.

It is argued by the defendant's counsel, as it was in *Carr* v. *Cornell,* that the wife may be subjected to a cross-examination, and in this manner may be brought into conflict with her husband, and thus family peace may be disturbed. It is true that such a result might ensue from her examination ; but as it would neither necessarily nor probably follow, we think the objection cannot avail. As the wife is examined, by the consent of her husband, to the single

fact of making the entries, and the cross-examination which she may be subjected to is under the supervision and direction of the court, the party will not be permitted, under the guise of a cross-examination, to put questions not pertinent to the issue, the tendency of which would be to create family discord.

In the present case, we think her oath was properly admitted, and the exceptions are overruled.