#### FOR THE

## COUNTY OF WINDSOR.

### FEBRUARY TERM, 1846.

---

#### PRESENT,

Hon. STEPHEN ROYCE,  
Hon. MILO L. BENNETT, } Assistant Judges.  
Hon. DANIEL KELLOGG.

---

LEONARD GAY AND WIFE *v.* ESTATE OF ELIPHALET ROGERS.

Where husband and wife are joined as plaintiffs in an action on book account, the wife, as well as the husband, may be examined on oath as a witness to sustain the account.*

If the property, or service, of the wife has been the meritorious cause of action, and an express promise of payment is made to her, she may be joined with her husband in an action to enforce payment.

But if services are rendered, by the wife during coverture, the right of the husband to join his wife with him as plaintiff is based upon the *express* promise to the wife, and the plaintiffs must count upon the express promise, and cannot sustain either *indebitatus assumpsit*, or book account.

---

*See *Andrus et ux.* v. *Foster,* 17 Vt. 556.

APPEAL from the decision of commissioners on the estate of Eliphalet Rogers. In the county court the plaintiffs filed a declartion on book account, on which judgment to account was rendered, and auditors were appointed, who reported, that there was a balance due to the plaintiffs of one hundred and eighty one dollars and fifty cents. It appeared, that the plaintiffs' account accrued for services rendered by the plaintiff Mrs. Gay, during coverture, to the testator, and that the testator promised, that she should be well paid for them. At the hearing before the auditors Mrs. Gay was admitted to testify as a witness, although objected to by the defendants.

The defendants filed exceptions to the report,—1, That Mrs. Gay was improperly admitted as a witness;—2, That the services, having been rendered by the wife during coverture, could not be recovered for in a suit by the husband and wife;—3, That if the husband and wife could join to recover for the services, it could not be in this form of action. The county court,—HEBARD, J., presiding,—rendered judgment for the plaintiffs upon the report. Exceptions by defendants.

*O. P. Chandler* for defendants.

1. The account, being for services rendered by the wife during coverture, is exclusively the account of the husband; the wife cannot therefore properly be joined in any action to recover it. Reeve's Dom. Rel. 130. 1 Chit. Pl. 20.

2. Even if, in this case, the services of the wife might be considered the meritorious cause of the right of action, yet the law will not imply a promise to the wife; and if there be no express promise, the husband must sue alone. Reeve's Dom. Rel. 132.

3. If the plaintiffs relied upon the express promise to the wife, they should have brought special assumpsit, declaring upon the promise. Her interest must be expressly stated in the declaration and cannot be intended. ' *Buckley et ux.* v. *Collier*, 1 Salk. 14. *Bidgood et ux.* v. *Way*, 2 Bl. R. 1236. *Brashford* v. *Buckingham et ux.*, Cro. Jac. 77, 205. Bing. on Infancy 218, 253. 1 Chit. Pl. 20. Bac. Ab. 290. Com. Dig. 105. 4 Mod. 156.

4. If *indebitatus assumpsit* will not lie in such case, neither will the action on book account, which is of the same nature. The plaintiffs should resort to their proper remedy, to wit, a suit on

Gay et ux. *v.* Estate of Rogers.

book in the name of the husband, or a special action in the name of both, and avoid the anomaly in the law, of the wife testifying in behalf of the husband.

*Tracy & Converse* for plaintiffs.

1. The husband and wife being both plaintiffs of record, there can be no doubt, that the auditors correctly admitted the wife to testify. Rev. St. 220, § 6.

2. Though the services were rendered by the wife during coverture, yet, there having been an express promise by the testator to pay her, it is well settled, that she may join in a suit with her husband to recover the pay. 1 Chit. Pl. 19, 20. Reeve's Dom. Rel. 131–133. 1 Stephens' N. P. 743. 2 Com. Dig., Tit. *Baron & Feme.* 10 Johns. 50.

3. The third exception, that book account is not the proper form of action, is so utterly destitute of foundation as to require no refutation.

The opinion of the court was delivered by

Royce, J. This action was brought to recover for services, rendered to the defendant's intestate by the plaintiff Amy Gay, for which the intestate promised that she should be well rewarded. The account sufficiently shows, that the services were rendered during her coverture.

The first exception to the report is, that she was admitted to testify before the auditors, against the defendant's objection to her competency. It was decided in *Carr* v. *Cornell,* 4 Vt. 116, that in an action on book account, brought by or against the husband alone, his wife cannot be called as a witness; not in his favor on account of their identity of interest, nor against him, on the ground of policy. But the statute has provided, that *all the parties* to such a suit may be examined on oath in relation to the several accounts ; and this is construed, as well to entitle each party to the benefit of his own testimony in evidence, as to subject him to examination by his adversary. There was no error, then, in permitting the wife to be examined on oath in this case, for she was a party plaintiff of record. It does not appear that she was examined upon any fact, to which a party might not legally testify.

Gay et ux. *v.* Estate of Rogers.

Upon the second exception it is sufficient to say, that if the property or service of the wife has been the meritorious cause of action, and an express promise of payment is made to her, she may be joined with her husband in an action to enforce payment. At the same time the husband, if he so elects, may sue alone. This has been settled law for ages.

The remaining question is, whether a joint action on book account was the appropriate remedy. That the husband alone could sustain an action in this form, to recover compensation for these services, there is probably no ground to doubt. But the earnings of the wife are the legal property of her husband, and every implied promise to pay for her services would, consequently, be raised to him. The debt, in such a case, is necessarily his, and she has originally no legal interest in it. Reeve's Dom. Rel. 130. 4 Mod. 156. Salk. 114. 1 Chit. Pl. 19. Hence we find it asserted by Judge Reeve, on page 132 of the work just cited, that—" All the cases of contract, where the husband is permitted to join the wife, when he might have sued alone, are cases of express promises to the wife." This shows, that, whilst the service of the wife will create a debt to her husband, the express promise to her is essential to form the basis of the joint action. And it would follow, that the joint action should be founded on the promise, and not directly and solely on the service. It is apparent, then, that the joint claim asserted in this action is not one arising by implication of law from the service rendered, nor one for which *indebitatus assumpsit* would be sustained. But the action on book account and *indebitatus assumpsit* are so far concurrent remedies, that the former will rarely lie, where the latter would not. They are alike founded on an original and direct indebtedness; such as the law, in the absence of any special stipulation, would raise from the consideration passing between the parties. We are therefore constrained to say, that, upon the last exception taken to the report, the defendant must prevail.

Judgment of county court reversed, and judgment on the report for defendant.