## LUCE *versus* DOANE.

The rule of law, allowing a party to a suit, to prove items of account by his book of original entries and suppletory oath, does not embrace a book, in which the entries were made by his wife by his direction, and where the party could not write.

A wife, who thus keeps her husband's book, is incompetent to sustain the charges therein, by her suppletory oath.

Testimony, as to the habits of the party, in having his accounts thus kept by his wife, after his return home from his work, is inadmissible.

ON EXCEPTIONS from *Nisi Prius,* APPLETON, J., presiding.

ASSUMPSIT, on an account annexed. The defendant filed an account in set-off. He relied on his set-off, and offered his book of entries with his suppletory oath. It appeared that he could not write, and that the book had been kept regularly every day by his wife, by his direction.

The evidence was objected to and excluded.

The defendant then offered said book, with the suppletory oath of his wife, which was excluded.

The defendant then offered to prove by his daughter, that during the time of the account between the parties, he was accustomed on returning home from his work to direct his wife to set down upon said book the charges therein contained, who did so accordingly; and that the charges therein against the plaintiff were made in this manner.

This evidence was rejected. A verdict· was returned for plaintiff, and defendant excepted to the rulings.

*Knowles & Briggs,* for defendant.

The book and suppletory oath of the plaintiff ought to have been admitted as evidence.

1. Because it was the best evidence that could be had; he could not write, and some one must write for him. It was kept by another but only as his instrument; it was in effect kept by himself.

2. Because, though there are some *dicta* which seem to exclude the testimony here offered, yet its admissibility would not conflict with the *principles* on which rests the admissibility of book accounts, in any case. In the cases from Massachusetts, and our own Reports, where this matter has come up, it seems taken for granted that the book must be in the handwriting of the party, but this point has never been discussed, and no reasons given.

No form has been considered necessary of keeping his book, and the handwriting has been allowed to degenerate to pencil and chalk marks made upon a board or shingle. Why would it not be safer and better to rely upon a daily memorandum made by one who is able to do it well?

What is there in the nature of the testimony to require, that the party should actually use the pen in setting down his daily accounts? It is the oath of the party which is the testimony relied on after all, and not the "book." In *Cogswell* v. *Doliver,* SEDGWICK, J., says, that "where a book is offered in evidence, it ought to appear suited to *aid* the *oath* of the party which it is brought to fortify and confirm." And this proposition is confirmed by the decision in the case of *Dwinel* v. *Pottle,* where a new trial was granted because "the party did not swear to a delivery of the articles charged by him." If then the book is but to "confirm and fortify" the oath of the party, and if he must swear to a delivery of the articles, or the labor done, it is after all the oath of the party under certain sanctions, which is to satisfy the Court.

Now what can the difference be between his swearing "the book is in my handwriting" "and the book was kept

daily by my wife at my direction." Would not a jury hold the book as much corroborative of his oath in the one case as the other.

*J. E. Godfrey,* for plaintiffs, cited *Prince. v. Smith,* 4 Mass. 455; *Witherell* v. *Swan,* 32 Maine, 247.

SHEPLEY, C. J. — The rule of law permitting a party to a suit to testify that his book of accounts produced, contains the original entries, that they were made on or about the time, and that the articles were delivered, or the labor performed, as charged, has, it is believed, never been extended to permit him to testify respecting entries made upon his books by another person, unless it be to entries made by his wife. If his wife were admitted to testify for her husband to entries made by her in his books, unless present when the goods were sold, or the service performed, she could only testify that she made the entries as the husband desired or directed. To prove his account, he also must be admitted as a witness, and if the entries by the wife were not made under his own eye, he could only state that he made sale of certain articles or performed certain services, and that he directed his wife to charge them.

Whether the charges were correctly made or not, must depend wholly upon his recollection, it may be many years afterward, without any aid to be derived from any written memorandum made by him at the time, or known to him to have been correctly made at the time by another. If the entries had been made by direction of the husband by his clerk or other person competent to testify, who could only state, that he made the entries as directed without any knowledge that the articles were sold or the services performed, such testimony, even if the party could also be permitted to testify, would be insufficient proof. There would be no identification of the sales or services with the entries, but such as must rest upon the accuracy of the memory of the party, it may be after the lapse of many years; and if the items were numerous, it is quite obvious, that no reli-

ance could be safely reposed upon it. To admit the wife to testify, and her testimony to be sufficient to make a *prima facie* case, would be to give greater effect to her testimony than to the testimony of any other competent witness, who had made the entries under the like circumstances. There would be no more safety in permitting the wife to testify to entries made by her, unless they were made in the presence of the husband, so that it could be certain, that they were correctly made, as he directed, than there would be to admit a party to testify to his account, without the production of any book whatever. For in both cases identity must rest upon the mere recollection of the party.

In the case of *Carr* v. *Cornell*, 4 Verm. 116, testimony of the wife for the husband was excluded.

In the case of *Littlefield* v. *Rice*, 10 Met. 287, it was admitted, it appearing that " the entries were made by his wife in his presence and by his direction."

The offer in this case was, that the " book had been kept regularly every day by the wife of the defendant by his direction." When proof is thus offered, it must be presumed to be presented under all the circumstances most favorable for its admission; and the Court must determine upon its admissibility upon the precise terms of the offer. No testimony subsequently introduced can have any effect upon the decision.

The entries on the book not having been made in the handwriting of the daughter, her testimony respecting them could not be legally received.

If the defendant may in this case suffer loss by reason of his inability to write, he may also in the transaction of other business, on account of his lack of a common education.

While our common schools afford means for a competent education of all for the correct performance of the ordinary business of life, one who has neglected, or been deprived of those means, must be expected to suffer loss thereby, but

he cannot reasonably claim to have the rules of law changed to relieve him. *Exceptions overruled.*

TENNEY, RICE and HATHAWAY, J. J., concurred.