ELIAS DRIGGS, *Administrator of* RHODA KINNEY *v.* AUGUSTUS ABBOTT.

*Jurisdiction of probate court. Husband and wife ; wife's choses in action.*

The jurisdiction assumed and exercised by a probate court in granting administration cannot be collaterally questioned.

Driggs, Admr. *v.* Abbott.

A promise made to a married woman, in consideration of the sale of her real estate, is a chose in action, which, if not reduced to possession, by the husband, during coverture, will survive to her if she survive her husband; and, if he survive, will go to her personal representatives; and in such case, an action upon it should be in the name of the wife's administrator and not in that of the husband.

ASSUMPSIT. By the writ, the defendant was summoned to answer to the plaintiff as administrator of the goods, chattels and estate which were of Rhoda Kinney, late of Detroit, Michigan, deceased, intestate ; and the declaration counted upon a promise made by the defendant, on the 17th of January, 1839, to pay to the said Rhoda ten dollars for every acre which a certain piece of land, which had been set off to her as her share of her father's estate, and which she and her husband had that day deeded to one Sally Abbott, should contain, exceeding twenty acres ;—and averring that the excess was eight acres, &c.

The defendant filed a general demurrer to the declaration, which was overruled by the county court, January Term, 1855,—UNDER-WOOD, J., presiding,—and judgment rendered for the plaintiff. Exceptions by the defendant.

*R. M. K. Ormsby* for the defendant.

*A. Howard* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. I. The objection that the probate court had not jurisdiction to grant administration within this state is concluded by the judgment of that court, which, it has often been held by this court, cannot be attacked in this collateral manner.

II. The second objection to the suit being in the name of the administrator of the wife, upon a contract to her made during the coverture, the husband still living, so far as appears in the case, we were half inclined to favor at first. But this being a case where the consideration of the contract was the sale of the wife's real estate, there can be no doubt the heirs of the wife, in equity, are entitled to hold the same. And, under our statute, if the husband had, since the decease of the wife, recovered the money by suit, or collected it without suit, he would probably hold it in trust for her heirs.

But, at all events, as the consideration of the contract was the wife's real estate, and the promise made to her, or to pay for her benefit, the authorities treat it as her chose in action, and, unless reduced to possession by the husband, during the coverture, that the right of action survives to the wife, if she survive the husband ; and goes to her personal representative, if the coverture is dissolved by her death, especially if the husband elect to treat it as her separate property, which seems to be the case here, by giving over the contract to the wife's administrator to bring this suit.　This is so laid down in the elementary books.　1 Chit. Pl. 22, 23 (u.) 2 M. & S. 396, 7 and note v.　Such a contract, although made during the coverture, is treated, in law, when the husband does nothing to evince his determination to reduce it to his own possession, as are her choses accruing before the coverture.　In such case they always remain the property to the wife, until reduced to actual possession, by the husband.　And if the wife die, before that event, the right of action goes to her administrator or executor, and not to the husband, as such, unless he be administrator or executor. The same is held in regard to a bond given to the wife during coverture, or any express promise to her, if the husband elect to treat it as her separate estate.　And his joining her in the suit is so regarded, as he may sue in his own name, if he chooses ; and if he do so, this determines her interest at law, or if he endorse a bill or note, given to her during coverture, *Gay and wife* v. *Rogers*, 18 Vt. 342.　*Richardson* v. *Daggett*, 4 Vt. 336 is the case of a promissory note given, during coverture, to husband and wife for her seperate estate, and never claimed by the husband, and it was held on his decease she might endorse the note, and not the administrator of the husband.　And if so, then, she might sue. And by parity reasoning, if she die, then her administrator shall sue, and not the husband, which is this case.　The same rule is laid down in Chitty on Contracts, 152, citing many recent English cases. *Howard* v. *Oakes*, 3 Exch. 136, 140.　*Scarpellinai* v. *Atcheson*, 7 Queens B· 804.　*Gaters* v. *Madely*, S. M. & W. 423.　In note, 9 Kelly R. (Georgia) 541, *Lagre* v. *Flomnoy* is cited to same effect.

Judgment affirmed.