JONATHAN RAWLINS AND WIFE *Appellants, v.* ELISHA ROUNDS AND ORVILLE ROUNDS.

*Wife's personal property. Joinder of wife as plaintiff.*

The wife's personal property in possession vests absolutely in the husband, upon marriage; and in an action for an injury done to it subsequently, she should not join ; if she do, it is good ground of demurrer, motion in arrest, or even of error. And both the property and possession of that earned by the wife, after the marriage, become that of the husband ; and for any injury to it he must sue alone.

In this case the husband and wife joined in an action of trespass, and in their declaration averred the property to be that of the wife, without any averments as to the time of the

trespass in reference to their marriage. *Held*, that there was not a sufficient allegation of either title or possession in the plaintiffs, and that, from the declaration, the court could not presume that the property was the wife's, and taken from her before her marriage.

TRESPASS. By the writ and declaration, the defendants were summoned " to answer to Jonathan Rawlins and Lucy Rawlins, " wife of the said Jonathan,—in a plea of trespass for that the said " defendants, at Huntington, on the 14th day of August, A. D. " 1851, with force and arms, one bay mare of the value of fifty " dollars, and one sucking colt of the value of twenty dollars, the " proper goods and chattels of the said Lucy Rawlins, seized, took " and carried away", &c. To this declaration the defendants demurred, and assigned several special causes of demurrer, which become immaterial under the decision of the supreme court.

The county court, May Term, 1854,— PECK, J., presiding,— adjudged the declaration sufficient, and rendered judgment for the plaintiffs. Exceptions by the defendants.

*Maynard & Mead* for the defendants.

It is not alleged that the tresspass was committed prior to the marriage; it will, therefore, be taken that it was subsequent. The cause of action, then, had its inception, as well as its completion, after the marriage, and the husband should have sued alone. The misjoinder of the wife can be taken advantage of by demurrer. 1 Chit. Pl. 73–4; 2 Saund. (47, g.) ; *Little* v. *Keyes*, 24 Vt. 118. *Hill et ux* v. *Royce*, 17 Vt. 190.  5 U. S. Digest 132.

*Peck & Briggs* for the plaintiffs.

If the property of the wife is the meritorious cause of action she may join.  *Gay et ux* v. *Estate of Rogers*, 18 Vt. 345. The declaration expressly alleges that the horses were the wife's property.

The opinion of the court was delivered by

REDFIELD, CH. J. This is a demurrer to the plaintiff's declaration.  The declaration is in tresspass for personal property. There seems to be no sufficient allegation of either title or possession in the plaintiffs, at the time of the injury. All that is alleged is that the property was that of the wife, which is equivalent to saying it was the husband's, and as property draws after it possess-

ion, this would create a sufficient title in the husband to maintain the action, but none at all in the wife.   The wife's personal property in possession vests absolutely in the husband, upon the marriage. And for any injury done to it subsequently, she cannot join, and if she do, it is good ground of demurrer, or motion in arrest, or even of error.   1 Chit. Pl. 93.   1 Salk. 114.   1 Hen. Bl. 108.   2 Wils. 424.   Cro. Jac. 644.   2 Blac. 1236.

In order to render it proper for the wife to join in this action, we must presume this property was the wife's, and taken from her before marriage, nothing of which appears in the declaration.   For if the wife earned the property after marriage, and so was in some sense the meritorious cause of action, as the books term it, this will not enable her to have a separate property in things personal, reduced to possession; but both the property and the possession become that of the husband.   And a marriage settlement, to enable the wife to hold separate personal property in possession, could only be created by the intervention of trustees, and the legal possession would be in them, for her benefit, so that it seems to us altogether impossible to get over this first difficulty, which seems fatal on general demurrer.   The case of *Gay and wife* v. *Estate of Rogers*, 18 Vt. 342, referred to by the plaintiff's counsel, only goes to recognize the right of the wife to join with the husband in cases of express promise to the wife, when her property or services are the consideration for the promise, and does hold that she cannot, even in such cases, join in an action upon an implied promise, or book account.

Judgment that declaration is insufficient.