DANIEL GERRY & wife *vs.* ELBRIDGE GERRY.

In this Commonwealth, before the *St.* of 1855, *c.* 304, as at common law, a chattel bought by a wife with her own earnings was the sole property of the husband; and he alone must sue for its conversion.

Misjoinder of plaintiffs in tort, not appearing on the declaration, may be taken advantage of at the trial, without pleading it in abatement.

ACTION OF TORT for the conversion of a watch and chain. At the trial in the court of common pleas, it appeared that the watch and chain had been purchased in 1853 by the female plaintiff during coverture, with money earned by her. The defendant objected that upon this evidence the action should have been brought in the name of the husband only; but *Sanger*, J., for the purposes of the trial, overruled the objection; a verdict was returned for the plaintiffs, and the defendant alleged exceptions.

*J. P. Converse*, for the defendant.

*A. V. Lynde*, for the plaintiffs.

METCALF, J.   This case is not affected by either of the recent statutes of the Commonwealth concerning married women, but is to be decided by the rules of the common law. By that law, the watch and chain, which are the subjects of this suit, were the sole property of the husband. No authority need be cited to this point. It follows that the wife has wrongly joined as plaintiff. And the misjoinder of plaintiffs is fatal, both in actions of tort and in actions of contract. When the misjoinder appears on the declaration, it is fatal on demurrer; and before our practice act (§ 22) took effect, it would have been fatal on motion in arrest of judgment. When it appears only in evidence at the trial, it is ground of nonsuit, or requires a verdict for the defendant. Archb. Pl. 54. Browne on Actions, 307. *Glover* v. *Hunnewell*, 6 Pick. 224. *Ulmer* v. *Cunningham*, 2 Greenl. 117. These rules of law are applied as well to husbands and wives as to other misjoined plaintiffs. Archb. Pl. 39. Broom on Parties, 229, 230. *Moores* v. *Carter*, Hempst. 64. *Van Arsdale* v. *Dixon*, Hill & Denio, 358. *Rawlins* v. *Rounds*, 27 Verm. 17.

In actions of tort, there is a distinction between nonjoinder and misjoinder of plaintiffs. Nonjoinder is matter of abatement only. *Thompson* v. *Hoskins*, 11 Mass. 419. *Phillips* v. *Cummings*, 11 Cush. 469.

The verdict must be set aside, and a new trial granted. But a new trial will be of no avail, unless the declaration is so amended as to make the husband sole plaintiff.

*Exceptions sustained.*