Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE, } Assistant Judges.
Hon. H. HENRY POWERS,

---

## BAIRD and WIFE v. FLETCHER.

*Pleading. Practice. When the Wife May Sue with the Husband. Evidence.*

In actions by husband and wife, the declaration should distinctly disclose her interest, and show in what respect she is the meritorious cause of action. But the want of such allegations cannot be taken advantage of under the general issue; by going to trial on that plea, the defendant waives his right to insist upon the insufficiency of the declaration in that respect.

The promise declared upon was made to the wife in consideration of the care she was to bestow in taking care of her father during life. *Held*, that she was the meritorious cause of action, and so properly joined as plaintiff with her husband.

Plaintiffs' evidence tended to show that defendant had money in his hands that belonged to his father, and agreed to pay it to one of plaintiffs if she would take care of his father during life. Defendant denied the agreement, and to corroborate his denial, offered to show by his books of account that he had settled with his father and paid him the money. *Held*, inadmissible, as contravening the rule that a party shall not make evidence for himself.

GENERAL ASSUMPSIT. Plea, general issue, with notice of payment. Trial by the court, March Term, 1877, ELLIS, Assistant J., presiding.

It appeared that the plaintiffs had been married for many years ; that the plaintiff Martha and the defendant were the children of Noah Fletcher, who had been poor and unable to support himself and wife for many years, and during that time till about 1873, had been supported and cared for by the defendant, they living in his house and having some household furniture there ; that the furniture in defendant's house was insured in general terms, none being specified as belonging to his father ; that defendant's house and all the furniture therein, including his father's, was burned, and the sum for which it was insured paid to defendant, but nothing paid for any furniture as the father's property ; that after the fire, defendant was unable to provide a home for his father and mother, and their support was assumed by the town of Pittsford, and they were removed to the town farm, where they remained and were supported till defendant's mother died in January, 1876 ; and that after the payment of the insurance money, defendant recognized that his father had furniture burned worth $67.50 and his father's claim therefor, and so stated to his father and family friends. It further appeared that after the death of the mother, the plaintiff, Charles Baird, made a contract in writing with the overseer of the poor of Pittsford to take the said Noah from the town farm and support him during life for $25 a year ; and thereupon removed him from said farm to plaintiff's residence in Chittenden, where he remained till his death, March 26, 1876 ; and that under said contract said Charles was to have from Pittsford the said Noah's personal effects, which he accordingly took.

The plaintiffs gave testimony tending to prove that in January, 1876, before the removal of said Noah to their house, the defendant told the said Martha that if she would take their father and take care of him during his life, he would pay her $67.50, the amount of the insurance money that he had in his hands belonging to their father, and that said promise was subsequently repeated in the presence of both plaintiffs and their son. To the testimony

of said Martha the defendant objected; but it was admitted; to which the defendant excepted.

The alleged agreement between defendant and said Martha was wholly denied by defendant, and defendant offered to prove by his own testimony and by exhibition of his books of account, that said money, amounting to $66.50, had been credited to his father in 1873, and had all been paid to and settled with his father long before January, 1876; and that, in fact, he had none of his father's money in his hands at the time of the alleged agreement; but the evidence was excluded, to which defendant excepted.

Defendant claimed that said Martha was improperly joined as plaintiff; but the court overruled the objection, and rendered judgment for plaintiffs for the amount of the insurance, deducting the expenses of coffin and some funeral charges admitted to have been borne by defendant; to which defendant excepted.

*W. G. Veazey* and *J. B. Phelps*, for the defendant.

The declaration should disclose the wife's interest, and the way in which she is the meritorious cause of action. It is necessary not only that the promise be made to the wife, but that her property or service be the meritorious and *sole* cause of action. 1 Chit. Pl. 30; *Gay & Wife* v. *Estate of Rogers*, 18 Vt. 342; *Little* v. *Keyes*, 24 Vt. 118; *Rawlins & Wife* v. *Rounds*, 27 Vt. 17; Reeve Dom. Rel. 132; *Buckly et ux.* v. *Collier*, 3 Salk. 63.

Here the action is brought to recover for the father's board, clothing, and for care and medicine. The plaintiff Martha could have no right of survivorship in the whole of that, but only in the product of her personal services.

In order to recover, the plaintiffs should show that they acted in reliance upon the defendant's promise, and were induced to act by it. That does not appear, but the case shows that there was another distinct consideration moving from the town. It does not appear that the promise in this suit was acted upon.

The testimony offered by the defendant should have been admitted. Evidence of facts and circumstances attending the negotiations of parties in the making of a contract is admissible as to the question of whether or not the alleged contract was made.

*Houghton* v. *Clough*, 30 Vt. 312; *Richardson* v. *Turnpike Co*. 6 Vt. 496; 2 Day, 208; *Lyon* v. *Kidder*, 48 Vt. 42.

The alleged promise was to pay a certain amount of insurance money. The evidence offered was as to whether or not the defendant had the money at that time, and bore upon the question of whether or not he would have been likely to make such a promise.

*L. W. Redington* and *Joel C. Baker*, for the plaintiffs.

The plaintiff Martha was not improperly joined. If the promise be made to the wife, or if she is the meritorious cause of action, or if the cause of action would survive to her, the husband and wife can or must join. 1 Chit. Pl. 30; Reeve Dom. Rel. 213, 224; *Gay and Wife* v. *Estate of Rogers*, 18 Vt. 342; *Little* v. *Keyes*, 24 Vt. 118; *Stearns* v. *Admr. of Stearns*, 30 Vt. 213; *Roberts* v. *Lund*, 45 Vt. 82; *Smith* v. *Ransom*, 21 Wend. 202; *Smith* v. *Kearney*, 9 How. Pr. 466; *Harn* v. *Boody*, 20 N. H. 411; *Titus* v. *Ash*, 24 N. H. 319; *Brashford* v. *Rockingham*, Cro. Jac. 77, 205; *Hilliard* v. *Howbridge*, Aleyn, 36; *Prat* v. *Taylor*, Cro. Eliz. 61; 1 Rol. Abr. 32, pl. 12; *Clapp* v. *Stoughton*, 10 Pick. 470; 1 Swift Dig. 37.

It is said that the declaration is defective in that it contains no allegation that the promise was made to the wife. But that objection was too late. If a declaration is defective, the question should be made on demurrer or arrest of judgment. If the wife is improperly joined, advantage thereof should be taken by demurrer or motion in arrest. No question as to the form of the declaration having been made in County Court, none can be made here. Cases *passim*.

When husband and wife are properly joined, they can be witnesses. Acts of 1863, No. 14.

The evidence offered by the defendant was not admissible. It does not matter if $66.50 had been credited to the father on defendant's books; or that defendant had no money belonging to the father in his hands. The contract was the gist of the action, and the credit could have no effect on the action, the only question being, did or did not the defendant so contract with the plaintiffs? *Edson* v. *Pawlet*, 22 Vt. 291; *Chase* v. *Smith*, 5 Vt. 556.

The promise to the plaintiff Martha was upon sufficient consideration.

The opinion of the court was delivered by

ROYCE, J.   This is an action of general assumpsit, in which the plaintiffs sued as husband and wife.   Plea, general issue, and notice of payment.   The first question made by the defendant is upon the sufficiency of the declaration.   It is claimed that it is defective in not distinctly describing the wife's interest, and in what respect she is the meritorious cause of action.   It is an elementary rule of pleading, that where the wife is joined with the husband in the action, and she is considered as the meritorious cause of action, that the declaration must distinctly disclose her interest, and show in what respect she is the meritorious cause of action.   1 Chit. Pl. 30.   But the neglect to make such allegations cannot be taken advantage of under the general issue.   The defendant should have demurred to the declaration, and in that manner raised the question of its legal sufficiency ; but by going to trial under the general issue, he has waived the right to insist upon the insufficiency of the declaration.

The next question made was as to the joinder of the wife as a co-plaintiff..   We understand the rule to be, that when the wife can be considered as the meritorious cause of action, she may join with her husband in a suit based upon such cause of action. It appears in this case that the promise which is sought to be enforced by this action, was made to the wife, and that it was made in consideration of the care which she was to bestow in taking care of her father during his life, so that we have no hesitation in holding that she was the meritorious cause of action.

The remaining question is upon the admissibility of evidence offered by the defendant and rejected by the court.   The fact about which the parties were at issue was, whether the defendant made the promise to pay Mrs. Baird the sum of money which the evidence of the plaintiffs tended to show he did make.   The defendant wholly denied making any such promise, and by this we understand that he made such denial as a witness.   He then offered to prove by his evidence and his books of account, that he

had given his father credit for what money he received for the insurance on his father's property, and had settled with and paid him for the same. The books of account then were offered for the purpose of corroborating the defendant's testimony, and we think they were not admissible for that purpose. It was a matter of indifference to the plaintiffs whether the defendant had paid the money to their father or not; and to admit books of account which the defendant had kept with another party, as evidence tending to show that he did not make the promise upon which this action is predicated, would be contrary to the well-established rule of evidence which precludes a party from making evidence for himself in that way.

Judgment affirmed.