GIDEON WILLIAMS AND WIFE v. LAWRENCE BRAINERD.

*Joinder of Wife as Plaintiff in Declaration in Common Counts in Assumpsit.*

A declaration in the common counts in assumpsit in which the wife is joined with her husband as plaintiff is bad on general demurrer, for that it does not disclose the wife's interest.

GENERAL ASSUMPSIT. The defendant was therein summoned to answer to " Gideon Williams and Sarah Jane Williams, wife of said Gideon," &c., and the declaration was in common form on an indebtedness from him to them. The defendant demurred. At the April Term, 1879, the Court, ROYCE, J., presiding, sustained the demurrer, and adjudged the declaration insufficient ; to which the plaintiffs excepted.

*M. Buck*, for the plaintiffs.

To sustain the demurrer, it is necessary to hold that the joinder of the wife is improper under any conceivable state of facts provable under the declaration. At common law, it is true, the husband had such rights as to the wife's property that any indebtedness to the wife was simply an indebtedness to the husband, with no interest in the wife out of which an implied promise could arise. *Gay* v. *Estate of Rogers*, 18 Vt. 342. But in case of an ante-nuptial agreement that the wife's money should remain hers, the husband could have no legal claim to it. If the husband loans money part of which is the wife's by such agreement, and takes a joint note, would not an implied assumpsit to the wife arise ? *Albee* v. *Cole*, 39 Vt. 319. The wife has a separate legal interest in the rents of her real estate, &c. ; and, since the statute of 1867, " all personal property", &c., is to be held to her separate use. Sts. 1867, No. 21 ; *White* v. *Waite*, 47 Vt. 502. There are many things that the wife now holds in her own right. Has she not the entire legal interest in money derived from such property ? Having that, the law will imply a promise for her, as much as any

other creditor. A joint note as above would be evidence under the common counts in a joint action.

*H. C. Adams*, for the defendant, contended that the declaration was bad for not disclosing the wife's interest, and cited 1 Chit. Pl. 34; *Baird* v. *Fletcher*, 50 Vt. 603; and that the objection could be taken by general demurrer, and cited 1 Chit. Pl. 694; *Bidgood* v. *Way*, 2 Bl. 1236; *Needham* v. *McAuley*, 13 Vt. 68.

The opinion of the court was delivered by

REDFIELD, J. This action is indebitatus assumpsit in favor of the husband and wife, and the question arises on general demurrer to the declaration.

There are no averments in the declaration of meritorious cause of action in the wife and special promise to her, nor other reason alleged why the wife is joined with the husband. It was held in the case, *Gay* v. *Estate of Rogers*, 18 Vt. 342, that indebitatus assumpsit or book account would not lie in favor of husband and wife to recover for her personal services, where a special promise was made to her, but that the action must be brought on the special promise; although, in that case, the parties were properly joined. Mr. Chitty, in 1 Chit. Pl. 34, says: " When the wife is joined in the action, in these cases the declaration must distinctly disclose her interest, . . . and there is no intendment to that effect." But it is claimed by the plaintiff that, by force of recent statutes in this State, the wife has the right to hold personal property, and vindicate her right thereto, both at law and in equity; and that her rights in these respects have been much enlarged, and for these reasons, this well-settled rule of pleading should be disregarded. There are *more cases* in which the wife may properly be joined with her husband, than when this rule of pleading first obtained; but still, the cases are exceptional. And this requirement in pleading was distinctly affirmed in quite a recent decision of this court. In *Baird* v. *Fletcher*, 50 Vt. 603, ROYCE, J., says: " It is an elementary rule of pleading, that when the wife is joined with the husband in the action, and she is considered the

meritorious cause of action, the declaration must disclose distinctly her interest, and showing what respect she is the meritorious cause of action"; and that "the defendants should have demurred to the declaration, and in that manner raised the question of its legal sufficiency." We do not feel at liberty to overrule a well-settled rule of pleading, so recently recognized by this court.

*Judgment affirmed.*