## ROLLIN C. GOODALE AND WIFE *v.* OLIVER FROST'S ADM'R.*

*Husband and Wife. Pleading. Book Account. Joinder of Wife as Plaintiff. Practice.*

1. An action of book account will not lie in the name of both husband and wife to recover for her services rendered during coverture.
2. There is no waiver in delaying to raise the question of misjoinder till the coming in of the auditor's report.

BOOK ACCOUNT. Appeal from the commissioners upon the estate of Oliver Frost. Heard on an auditor's report and exceptions thereto, June Term, 1885, VEAZEY, J., presiding. Judgment *pro forma* for the plaintiffs to recover $149.13 on the items since the year 1876.

One of the exceptions to the report was that book account by the husband and wife was not the appropriate form of action. The other facts are sufficiently stated in the opinion.

*Stewart & Wilds*, for the defendant.

The earnings of the wife belong to the husband; and the law implies the promise to him. 1 Swift Dig. 37; 2 Saund. Pl. & Ev. 187; Schoul. Dom. Rel., s. 81; *Gay and wife* v.

* Heard January Term, 1886.

Goodale v. Frost.

*Rogers*, 18 Vt. 342 ; *Mason* v. *Dunbar*, 43 Mich. 407 ; s. c. 38 Am. Rep. 202 ; *Gould* v. *Carlton*, 55 Me. 511 ; *McDavid* v. *Adams*, 77 Ill. 155. Book account will not lie. *Baird* v. *Fletcher*, 50 Vt. 600 ; *Williams* v. *Brainerd*, 52 Vt. 392.

*A. P. Tupper*, for the plaintiffs.

The objection of misjoinder was waived when it was not raised before the auditor. 1 Swift Dig. p. 821 ; Rob. Dig. p. 532 ; *May* v. *Brownell*, 3 Vt. 463 ; *Woodcock* v. *Clark*, 18 Vt. 335 ; *Smith* v. *Bradley*, 39 Vt. 369 ; *Hagar* v. *Stone*, 20 Vt. 106 ; *Goddard* v. *Brown*, 11 Vt. 278 ; *Bates* v. *Stevens*, 4 Vt. 545. Book account is the proper action. Rob. Dig. p. 111.

The opinion of the court was delivered by

POWERS, J. The items in the plaintiffs' account prior to 1877 are barred by the Statute of Limitations.

The balance of the items are for the services of the plaintiff wife, Hila Ann Goodale, rendered after her marriage to the plaintiff Rollin C.

The case of *Gay and wife* v. *Rogers*, 18 Vt. 342, is on all fours with this, and decisive against the plaintiff.

There, as here, the attempt was made to recover for the personal services of the wife during coverture in a joint action on book in favor of husband and wife. There, as here, an appeal was taken from the disallowance of commissioners on the estate of the defendant. There, as here, the declaration was in book account, and the case referred to auditors. There, as here, the objection that such joint action on book could not be maintained was made on the coming in of the auditor's report ; and here, as there, it must be held that the action cannot be maintained.

The husband is entitled to the services of the wife during coverture. The account for the same is *his* account, and the action on book, or the concurrent action of *indebitatus assumpsit* may be maintained by him to recover pay for the same.

Goodale *v.* Frost.

The implied promise of the defendant to pay for such services inures to the husband alone.

The fact that the engagement to the defendant was made by the wife alone, and the express promise to pay was made to her alone, does not affect the husband's right to maintain either of the aforesaid actions in his own name.

But in cases where the promise is expressly made to the wife to pay her for such services, it has been held that unless the husband elects during coverture to institute his sole action to recover to his own use pay for his wife's services, the right of action will survive to the wife and her representatives. The law treats the demand as a chose in action which the husband may or may not reduce to his own possession. If the husband does not bring the action in his own name he may join with his wife in action of assumpsit, counting specially upon the facts showing that his wife's services were the meritorious cause of action, and averring an express promise to her to pay for the same. They cannot, however, maintain a joint action in any other form. *Gay* v. *Rogers, supra; Baird* v. *Fletcher*, 50 Vt. 603; *Williams* v. *Brainerd*, 52 Vt. 392; Shouler's Dom. Rel. s. 81.

Judgment reversed, and judgment on the report for the defendant, and this judgment is ordered to be certified to the Probate Court.