# RUTLAND COUNTY.

## JANUARY TERM, 1892.

PRESENT : ROSS, Ch. J., ROWELL, TYLER AND MUNSON, J. J.

## JANE POTTER *v.* ADMR. HENRY POTTER ET AL.

*Husband and wife.   Earnings by wife.   Allowance in name of husband.   Equity.*

1.  Whatever a wife earns by her own labor upon the understanding between herself and husband that it shall be hers will enure to her benefit.

2.  The fact that such a claim is presented against the estate of a deceased person in the name of the husband does not make it his; it being understood that the wife shall have the benefit of the allowance.

3.  And the wife may invoke the aid of a court of equity to restrain the administrator of her husband's estate from conveying away such allowance.

4.  The mere fact that the Probate Court, in making the wife her allowance, treated the claim as a part of the husband's estate does not alter the case.

Bill in chancery.   Heard at the September term, 1891, upon pleadings and a master's report.   Thompson, Chancellor, decreed for the oratrix.   The defendants appeal.

The father of the oratrix was afflicted with a cancer.   Some years before his death he came to reside in the family of the oratrix upon the understanding between the oratrix and her husband that whatever was paid for his care and nursing should be

hers.    After the death of her father an administrator and commissioners were appointed upon his estate. The husband had an account against the estate for other matters.    To this was added an item of $180 for care and nursing, and the entire account was allowed in the husband's name.    It was understood between the oratrix and her husband that she should have the benefit of this item.

Before the payment of this allowance the husband of the oratrix died and the defendant Walker was appointed administrator upon his estate.

Subsequently the oratrix applied to the Probate Court for an assignment out of her husband's estate which was made. The master found that in making this assignment the court treated the said $180 as a part of said estate.

Still later the defendant Walker made an arrangement with the defendant Ida M. Eddy, who was the only child and heir of the husband of the oratrix, to transfer to her the entire estate remaining after the allowance to the oratrix, upon condition that the said defendant should assume and pay the debts, and in pursuance of this agreement was about to transfer the claim in question to her.    Thereupon the oratrix brought this suit to enjoin him from so doing and to compel payment to herself.

*J. C. Baker,* for the defendants.

The services of the oratrix belonged to her husband.    *Goodale* v. *Frost,* 59 Vt. 491.

The agreement between the oratrix and her husband that she should have the benefit of the allowance in his name is not enforceable.    *Beaver* v. *Beaver,* 117 N. Y. 421; *Appeal of Walsh,* 9 Am. St. Rep. 85; *Keniston* v. *Keniston,* 56 Vt. 680.

It was not a valid gift because there was no delivery and acceptance.    *Fletcher* v. *Fletcher,* 55 Vt. 325; *Ross* v. *Draper,* 55 Vt. 404; *Rogers* v. *Rogers,* 55 Vt. 73; *Pope* v. *Bank,* 56 Vt. 284.

The oratrix should have presented the claim against her father's estate in her own name. *Story* v. *Downey*, 62 Vt. 243.

Having allowed the Probate Court to believe that this claim was her husband's and obtained her allowance upon that theory she is now estopped to deny it. *Cady* v. *Owens*, 34 Vt. 598; *Shaw* v. *Beebe*, 35 Vt. 208.

*Bromley & Clark* and *Geo. E. Lawrence*, for the oratrix.

The opinion of the court was delivered by

ROSS, Ch. J. The indebtedness which the oratrix seeks to hold, accrued to her, with her husband's consent and agreement. She was the meritorious cause of the indebtedness. *Baird and wife* v. *Fletcher*, 50 Vt. 603. The master has found that the husband gave the oratrix the right to have the debt, which should accrue from keeping her father and that it accrued to her. This the husband could legally do, if it amounted to a gift, unless it trenched upon the rights of creditors. *Barron* v. *Barron*, 24 Vt. 375; *Cardell* v. *Ryder*, 35 Vt. 47. It did not affect the rights of the husband's creditors. When the husband allows the wife to earn property during coverture, or makes a gift to her, the right to reduce such property to possession does not inhere in the husband. *Bent* v. *Bent*, 44 Vt. 555. On the facts found the claim for $180 against her father's estate accrued to and belonged to the oratrix. The presentation and allowance of it in the husband's name under the agreement of the husband that it should still belong to her, did not make the allowance of the $180 belong to him. It placed it in his name to collect and pay over to her. The doctrine relative to gifts *inter vivos* has no application. The husband never had any property in the claim to give to the oratrix. It accrued to her, and the beneficial interest always remained in her. It was allowed in his name, but as between them, in trust for her. The administrator of the husband having undertaken to convey it away, the oratrix had the right to invoke the aid of the court of equity, to

Jane Potter *v.* *Admr.* Henry Potter *et al.*

prevent its coming into the possession of the administrator or his assignee. The husband, by consenting to the allowance in his name for the benefit of oratrix, did not become indebted to her. Neither he nor his estate would become indebted to her for the amount which might be realized from this claim of the $180, allowed in his name against his father's estate, for her benefit, unless he, or his estate, received and appropriated it to the use of the estate. This has never been done. Hence she had no claim growing out of this transaction to present against her husband's estate, and it was properly disallowed, because it did not exist. But such disallowance did not affect her right to have the trust, undertaken when the husband consented to have this claim allowed in his name for her benefit, performed. When whatever should be realized from it came to him or his estate, so long as he, or it held it for her, no indebtedness would be created in her favor.

But when the administrator undertook to divert it from coming to her, she had the right to invoke the aid of the court of equity to prevent such diversion, and to have the money coming from her father's estate on this claim paid directly to her.

Nor does the allowance out of her husband's estate made on her application to her by the Probate Court, affect her right to the money coming from her father's estate on this claim. Before making the application, the attorney of the oratrix had notified the administrator of her husband's estate, that she claimed, as her own, whatever should be realized on this claim. It does not appear that she knew that the Probate Court, in making the allowance to her, treated this claim as due to her husband's estate. The findings of the master on this subject fall short of finding that she was called upon to make known her claim and remained silent, and so misled the Probate Court in making the allowance to the detriment of the estate. The facts found do not constitue an estoppel upon her to enforce this claim.

*Decree affirmed and remanded.*