George & Ratcliffe *v.* Dawson's Guardian.

———•••———

GEORGE & RATCLIFFE, Appellants, *vs.* DAWSON'S GUARDIAN, Respondent.

1. The prohibition of the statute (R. C. 1845) against the issuing of letters of administration upon the estate of a deceased minor, only applies to those cases where there are no debts except those which the guardian has allowed to be created. It does not apply where there are demands for which the minor would have been liable to an action.

*Appeal from Callaway Circuit Court.*

*Ansell*, for appellants. The county court had jurisdiction of the cause. (R. C. 1845, tit. "Courts," p. 331, sec. 13.) No letters of administration can be granted on the estate of a minor. (R. C. 1845, tit. "Guardians and Curators," section 27.)

*Hardin*, for respondent. The statutes do not give county ty courts jurisdiction of proceedings against guardians upon demands against the estates of their deceased wards. County courts have jurisdiction of proceedings against *executors* or *administrators* upon demands against the estate of their testators or intestates; but its jurisdiction over guardians only extends to the settlement and allowance of their accounts, to controversies respecting the right of guardianship or respecting the duties and accounts of guardians. No administration can be granted on the estate of a minor. (R. C., p. 552, §27.)

GAMBLE, Judge, delivered the opinion of the court.

1. Dawson, a minor, having died, leaving effects in the hands of Nichols, his guardian, George and Ratcliffe, the plaintiffs, exhibited a demand in the county court against the estate of Dawson, making Nichols, the guardian, the defendant in the proceeding. The county court decided against its jurisdiction, and upon appeal to the Circuit Court the case was dismissed, because of a want of jurisdiction in the county court.

The demand of the plaintiff is for necessaries furnished in the last sickness of the deceased minor, but that circumstance does not distinguish the case from one in which necessaries had been furnished at a different time, or from a demand arising from a tort committed by the minor, or from a demand upon the warranty of his ancestor, or from demands in other cases in which a minor may be liable to an action.

The present proceeding is a novelty in the law and would never have been commenced but for the twenty-seventh section of the act concerning guardians and curators. R. C. 552. That section is in these words : " Whenever a minor, having a guardian, dies possessed of property, real or personal, no letters of administration shall be granted on such estate, but the county court shall proceed to distribute the personal estate among those interested, by ordering the same to be paid over by the guardian to the distributees." There is no clause of the act which gives jurisdiction to the county court of any demand against a minor while living. If he becomes liable to an action, he is to be sued in the other courts, and satisfaction of any judgment recovered against him, is obtained in the same manner as if he were adult. The law regulating the powers and duties of guardians, has no provision in it which makes the guardian the administrator of his deceased ward, or provides for the allowance of demands in a proceeding against the guardian.

The prohibition against the issuing of letters of administration, no doubt applies to the cases where there are no debts,

except those which the guardian himself has allowed to be created, and which he will, therefore, see are paid. It cannot be that the section of the statute before quoted was intended to leave those who may have just claims against the estate of a deceased minor, without remedy against the assets. before they are distributed. The last clause of the section, which directs that the guardian shall make distribution, shows the principal design of the section, and the cases to which it applies. The distribution to be made under the order of the court, will be among those who would receive shares, if there had been an administration; but as, in general, there will be no debts to be allowed, there shall be no administration for the mere purpose of distribution, but the guardian himself shall make it, under the order of the court. But where there are persons asserting demands against the estate of the deceased minor, and where, therefore, the distributees are not entitled to the assets, the section of the act did not intend that distribution should be made without administration. In such cases, administration must be had, and the demands regularly allowed. This construction of the section, which confines it to the cases where nothing remains to be done but to distribute the assets, is more consonant with the whole spirit of our legislation than it would be to allow a proceeding in the county court against a guardian to obtain judgment for a demand against his ward's estate. The creditor of a minor who has died, is entitled to have his demand paid, and is entitled to have administration on his estate granted to the proper persons, that he may assert his demand against the estate. The county court, therefore, had no jurisdiction of the proceeding as it was commenced, and the decision of that court and of the Circuit Court is affirmed.