John L. Hargroves, Adm'r, &c. *v.* William I. Thompson.

1. Husband and wife: marriage valid : when.—The statute of this State, (Hutch. Dig. 492,) which prescribes the forms and ceremonies in which marriages shall be solemnized, does not declare that marriages contracted not in conformity to its provisions, shall be void; hence, if a marriage be solemnized in this State, between parties capable of contracting it by the common law, but not in conformity to the regulations of the statute, it will be good and valid.

2. Probate court : practice and pleading.—It is not necessary to allege, in a petition for distribution of a decedent's estate, that administration thereon was

Hargroves v. Thompson.

granted in the court in which the petition is filed : this will be presumed, unless the contrary appears.

3. SAME: REFUNDING BOND: HIGH COURT.—This court will not notice defects in pleading, which are objected to for the first time in this court, if they be of such a character that they could have been obviated upon objection being made in the court below; and for this reason, a failure to tender a refunding bond in a petition for distribution of a decedent's estate, is no ground of error, when no objection was taken on that account in the Probate Court.

4. INFANT: DISTRIBUTION OF HIS ESTATE.—If an infant die at so early an age that he could not possibly have contracted any debts, his heir may recover, without letters of administration being granted on his estate, the distributive share of the infant in the estate of his ancestor.

APPEAL from the Probate Court of Covington county. Hon. A. S. Harper, judge.

The appellee, Thompson, filed his petition in the Probate Court of Covington county, against the appellant, as administrator of Minerva Thompson, in which he alleged in substance, that the said Minerva had died intestate, leaving personal estate, consisting of a negro slave and money, which were in the hands of the appellant, as her administrator; that the said Minerva was, at the time of her death, his lawful wife ; and that she left surviving her, an infant child, the issue of the marriage, who afterwards died at the age of two months. That the child was the lawful heir of Minerva, and that appellee is the lawful heir of the child; and that no distribution of the said Minerva's estate had been made. The petitioner asked that distribution of his deceased wife's estate be made directly to him, as heir of the infant child.

The answer of the administrator denied that there was any legal marriage ever solemnized between petitioner and the said Minerva, and averred that the marriage was solemnized without any legal license ever having been issued therefor ; and that the said Minerva, at the time of the said marriage, was under the age of eighteen years ; and that the said marriage was contracted without the consent of her parents or guardian. The answer also insisted, that the infant's distributive share could only be recovered by his administrator. No evidence was introduced by either party; and the court below decreed, that distribution be made according to the prayer of the petitioner, and the administrator appealed.

*D. Mayes,* for appellant.

1. Whether, under the circumstances stated in the answer, the marriage was void, admits of argument. At common law, it would be valid. But what is the effect of the statute, Hutch. Code, 492 ? The legislative intention, fairly collected from the language of the statute, is the law. If the legislature intended, that all marriages contracted between girls of twelve, and boys of fourteen years of age, by merely agreeing, "that I take you as my wife, on the one part, and I take you as my husband, on the other," should be valid marriages, no possible, practical good could result from the various provisions of the statute. That the legislature intended otherwise, is manifest from the 11th section of the act, which legalizes marriages which had theretofore been solemnized not in accordance with law: this is further apparent from the Act of the 19th February, 1836. Hutch. Code, 496.

2. But, admitting the marriage to be valid, distribution should not have been granted to the heir of the child, but to his administrator.

3. Distribution should not have been decreed without a refunding bond. Hutch. Code, 665.

*Vannerson* and *Goode,* for appellee.

HANDY, J., delivered the opinion of the court.

This was a petition, filed in the Probate Court of Covington county, by Thompson, praying distribution of the estate of his deceased wife, in the hands of Hargroves, her administrator. The petitioner alleges, that he was lawfully married to the intestate, who afterwards died, leaving the only issue of the marriage, a child, who is since deceased, and upon whose death, all the estate of his wife, which descended to the child, vested in the petitioner; that the wife of the petitioner was entitled to certain property and credits, which had come to the hands of her administrator, and of which distribution is claimed by the petitioner, as heir and distributee of his deceased child, the issue of the marriage.

The answer of the administrator denies that the petitioner was legally married to the intestate, because the license under which

· the marriage was solemnized was issued by a clerk, who had no authority to issue.it; and the marriage took place when the intestate was a minor, under the age of eighteen years, and without the consent of her mother, or of her legal guardian.   He insists that the brothers and sisters of the intestate are the persons entitled to distribution of her estate; and states that a part of the property subject to distribution is not now in his hands, but that a suit is pending for its recovery, and that he cannot make distribution until that is determined.

Upon the hearing upon petition and answer, distribution was ordered, and commissioners appointed to make it under the statute; from which order this appeal is taken.

The first objection taken to the proceedings is, that it is not alleged by the petition, nor does it otherwise appear, that administration of the estate of the intestate was granted by the court in · which the petition for distribution was filed, and, therefore, that no jurisdiction is shown.   If the application for distribution could be properly regarded as a purely original proceeding, this objection would probably be tenable.   But we think that it should be regarded rather as incidental to the jurisdiction vested in the court, by the grant of administration.   It is but a continuation and consummation of the administration, and could not be made except by the court that had granted administration; and therefore the petition does not, and need not expressly show, that administration was granted by that court.   It must be understood to have been granted by that court, and this presumption should prevail, unless the contrary appear, by objection taken in the court below.

The next objection is, that the marriage of the petitioner with the intestate was illegal and void; it having taken place without a legal license, such as is required by our laws, and without the consent of the mother, or legal guardian of the intestate; she being under the age of eighteen years.   It is admitted, that by the common law the marriage would have been valid, under the circumstances stated in the answer.   But it is said, that this rule is changed by our statutes, (Hutch. Code, 492,) and that it must . be understood that the legislature intended, by those enactments,

that no marriages should be valid, unless solemnized in the manner thereby directed.

It will be observed, that there is nothing in these statutes directly rendering marriages conducted without the observance of the rules therein prescribed, illegal and void; and the rule which has been sanctioned with reference to marriages not solemnized according to statutory regulations is, that even prohibitory words in a marriage act will not authorize an inference of the nullity of the marriage, unless the nullity was declared by the act. *Catterall* v. *Sweetman,* 1 Roberts. Eccl. Rep. 304. And, although persons, who may violate the forms required by the statute in solemnizing marriages, may be liable to the penalties prescribed for non-compliance, yet, marriages contracted without a conformity to such regulations, are very generally held to be valid, if made between parties capable, by the common law, of contracting them, unless the statutes positively declare, that marriages not conducted in conformity to their provisions shall be void. 2 Greenl. Evid. § 460; 2 Kent, Comm. 90, 91. We think that this is the proper construction to be given to our statutes on this subject, which appear to be similar in their provisions to the statutes of other States in which this construction has been adopted.

Another objection to the proceedings is, that distribution should not have been awarded to the father, as next of kin to the child, but to the administrator of the child.

It is plain, that the petitioner was entitled, as next of kin to his child, and there could be no possible necessity for administration upon the child's estate, as it died within two months after its birth, and could have contracted no debts, nor created any charges upon its estate. Being the only issue of the marriage, the father became entitled, as distributee. of its estate, and was entitled to demand it without the unnecessary expense of an administration.

The last objection is, that no refunding bond was tendered by the petitioner, which was necessary, in order to entitle him to demand distribution; the estate not being finally settled. This objection would have prevailed, had it been taken in the court below, by demurrer or otherwise. But no such objection appears to have

been taken, and we may well presume, that it was in fact tendered, although a tender was not set forth in the petition. After having failed to object on that ground, in the court below, it is too late to insist upon it as ground of error here; when, if raised below, it might have been obviated.

Let the decree be affirmed.