## JOHN LYNCH *et al.*
### *v.*
## JOHN M. ROTAN *et al.*

1. JURISDICTION *in chancery, over the estates of infants.* In a suit by parties
against the sureties of their guardian, who has died, for a discovery and an
account of moneys which came to the hands of the guardian, belonging to
the wards, where the charge is of mal-administration of the estate of the com-
plainants while infants, a court of equity has jurisdiction to inquire into it,
and correct the errors, the more especially, when it is alleged the proceedings
by the guardian were in fraud of the rights of his wards.

2. A court of equity has plenary jurisdiction over the persons and estates
of infants, and will, in the exercise of that jurisdiction, cause to be done what-
ever may be necessary to preserve their estate.

3. PARTIES *in chancery — in suit against sureties of a guardian.* In a suit
against the sureties of a guardian, for an account, where some of the sureties
have died, the personal representatives of the deceased sureties should be made
parties.

4. WANT OF PROPER PARTIES — *at what time the objection may be taken.* Where parties omitted in a bill in chancery are mere formal parties and not indispensable to a decision of the case upon its merits, it will be too late to make the objection at the hearing.

5. But where the rights of parties not before the court, are intimately connected with the matter in dispute, so that a final decree cannot be made without materially affecting their interests, as would be the case with the personal representatives of the deceased sureties of a guardian in a suit against the surviving sureties for an account, the objection may be taken at the hearing, or on appeal, or on error.

6. DESCENTS — *personal property — in whom the title vests in the first instance.* Where an infant, who has a share in moneys in the hands of a guardian, dies in his minority, at an age incapable in law of contracting debts, his share, on his death, will vest immediately in his next of kin entitled thereto.

7. PARTIES *in chancery — administration on estate of deceased infant — whether necessary.* It is not necessary in such case to take out letters of administration on the estate of the deceased infant, in order to have an account from the sureties of the guardian ; but those in whom the share of the deceased infant has become vested, may maintain a bill against the sureties of the guardian, and recover, not only their original interest, if they had any, but also their respective portions which they took by inheritance from the deceased infant.

8. ERRONEOUS JUDGMENTS — *in what manner questioned.* Where a guardian makes a settlement with the probate court, and it was fair, not impeachable for fraud, that court having competent jurisdiction of the subject, and of the person, however erroneous its decisions may be, they must stand until reversed by a superior court. They cannot be questioned in a suit in chancery by the wards against the sureties of the guardian.

WRIT OF ERROR to the Circuit Court of Marion county ; the Hon. SILAS L. BRYAN, Judge, presiding.

John M. Rotan died in 1837, leaving a widow, Cynthia, and John M. Rotan, Byron Rotan, Susan Jane and Nancy Rotan, his children. The widow, Cynthia, married Willis Smith, and he was afterward appointed guardian of these children, who were all in their minority, executing bond, with several sureties, two of whom subsequently died. Money belonging to these children came to the hands of the guardian, and after having made one settlement with the Probate Court of Marion county, he also died.

Susan Jane Rotan, one of the children, died in 1854, in her minority, without issue, and never having married.

The surviving children, together with Cynthia, their mother, exhibited their bill in chancery against the surviving sureties of Willis Smith, as guardian, for an account, and alleging that the settlement made by the guardian with the Probate Court was in fraud of the rights of the complainants. The surviving children sought to recover their original interests, which came to them from their father, and also the portion which they severally took in the share of their deceased sister, Susan Jane; Cynthia, their mother, claiming the portion which she inherited on the death of Susan Jane Rotan.

The court decreed in favor of the complainants, and the defendants thereupon sued out this writ of error.

The questions arising on the record are: First, whether a court of chancery has jurisdiction of the suit; second, whether the personal representatives of the deceased sureties ought not to have been made parties defendant, and, herein, within what time the objection, for want of proper parties, may be taken; and, third, whether letters of administration should not have been taken out on the estate of Susan Jane Rotan, and her administrator made a party complainant.

Mr. B. B. SMITH, for the plaintiffs in error.

For all the grievances alleged in the bill, the complainants had a clear and adequate remedy at law, and in such case a court of equity will not relieve. Story's Eq. Pl. 373; *Stone* v. *Manning*, 2 Scam. 531.

2. The bill pretends to seek discovery of the sureties, but expressly waives their oaths. A bill of discovery must ask an answer under oath. Story's Eq. Pl., § 311. If discovery is asked and fails, the bill ought to be dismissed. 1 Gilm. 210. Appellee obtained no discovery, therefore the bill ought to have been dismissed.

3. Relief is asked in equity in this case on the ground that the guardian committed fraud in making settlement with the Probate Court. No evidence of fraud is shown by appellee, and if it be held that the guardian committed fraud there is none

proven against these defendants. Fraud must be proven. The court cannot infer it. *Wright* v. *Grover*, 27 Ill. 430. To constitute fraud there must be an intention to deceive. 1 Scam. 500.

4. Bill does not allege fraud against defendants. To give the court jurisdiction over them on the ground of fraud they must be alleged to have participated in it.

5. The court erred in rendering decree for complainants for Susan Jane Rotan's interest in the fund, of which she died seized. Her administrator should have been a party to the bill. Personal assets do not vest immediately in the heir, but they do vest in the executor or administrator. 2 Blackstone, p. 420 and note 38 ; Williams on Executors, note 527.

The administrator of Susan Rotan was a necessary party to the bill. Story's Eq. Pl. § 170, p. 217.

6. The administrators of the co-obligors of appellants are necessary parties to the bill. Story's Eq. Pl. §§ 170, 172, 173, 174, p. 219.

Want of parties to a bill may be raised at the hearing. 1 Bail. Ch. Pr.

Messrs. O'MELVENY & MERRITT, for the defendants in error.

A party injured should have the right to select, according to his own judgment in the matter, for his tribunal, such a one as would give him a complete remedy; and though the plaintiff has a remedy at law, if that remedy does not appear as clear, and is doubtful, and not as *effective*, chancery will exercise a sound discretion in assuming it. *Mason* v. *Piggott*, 11 Ill. 89 ; *Truett* v. *Wainwright*, 4 Gilm. 418.

Then only courts of equity will refuse to take cognizance of a cause, when the complaining party has a remedy at law, clear, complete and effective. *Frazier* v. *Miller*, 16 Ill. 50.

Courts of equity have a paramount jurisdiction in cases of administration and cases of settlement of estates, and have also a similar and *plenary* jurisdiction over the persons and estates of infants, and will, in the exercise of that jurisdiction,

2—39TH ILL.

cause to be done whatever may be necessary to preserve their estates and interests; and it would seem to us that, in this cause, arising from the maladministration of the funds of infants, chancery would assume jurisdiction if the remedy at law even appeared clear. 1 Story's Eq. Jur. chap. 9; Williams on Exrs. pp. 1239, 1240; 2 Story Eq. p. 35; *Cowls* v. *Cowls*, 3 Gilm. 435; *Grattan* v. *Grattan*, 18 Ill. 171.

In cases of fraud, courts of chancery have always jurisdiction (*Truett* v. *Wainwright*, 4 Gilm. 418), and from the settlement of the guardian as it was made by him, it is plain it was a legal fraud, whether we insisted upon it or not in the final decree.

The law does not favor a multiplicity of suits, and if it is the object of a bill in chancery to prevent this by having the rights of the party at once adjusted and determined by a court of equity, instead of suffering the parties to be harassed by a number of separate suits, chancery would assume jurisdiction. Mitford's Eq. Pl. 145, marg. p.

Mr. JUSTICE BREESE delivered the opinion of the Court:

John M. Rotan died in 1837, leaving a widow, Cynthia, and four children, namely: John M. Rotan, Byron Rotan, Susan Jane and Nancy Rotan, all under age at that time. Their mother, Cynthia, married Willis Smith, and in 1847 he was appointed guardian of these children, and executed a bond with John Lynch, Charles M. Smith, Samuel Craig, Solomon Smith and John Hammers, securities, in the sum of twelve hundred dollars. Money belonging to these children came to the hands of Willis Smith as their guardian, amounting to four hundred and fifty-eight dollars and thirty cents. The guardian removed to Missouri with the children, and died there in 1850. In January, 1848, he made a settlement with the Probate Court of Marion county, in which he had allowances made him, and a balance appeared against him as guardian of about three hundred and forty-four dollars. He left no property in this State, and made no other settlement. Susan Jane Rotan died in 1854, before she arrived at full age, unmarried and without

descendants.  Of the sureties in the bond, Samuel Craig and John Hammers were dead.  The bill was filed against the surviving sureties for a discovery and an account, and to relieve against the settlement made by Willis Smith with the Probate Court, on the allegation that fraudulent claims were allowed thereat, and the prayer is for a decree for the amounts respectively due complainants.

The court, on the hearing, decreed in favor of the complainants, the sum of five hundred and ninety-seven dollars. From this decree the sureties prosecute this writ of error.  ·

Two principal errors are relied on, one going to the jurisdiction of the court and the other as to the parties.

Upon the first point, we are satisfied the bill will lie for the purposes sought by it.  It was said by this court, in the case of *Grattan* v. *Grattan*, 18 Ill. 171, that courts of equity have a paramount jurisdiction in cases of administration and the settlement of estates, and may control courts of law in their action in the settlement and distribution of estates, and refer to 1 Story's Eq. Jur. chap. 9, and Williams on Exrs. 1239, 1240.  And it was also held that they had a similar and plenary jurisdiction over the persons and estates of infants, and would, in the exercise of that jurisdiction, cause to be done whatever might be necessary to preserve their estates, referring to 2 Story's Eq. Jur. chap. 35, and *Cowls* v. *Cowls*, 3 Gilm. 435.

When the charge is, as in this bill, of a maladministration of the estate of these complainants when infants, a court of equity ought to have jurisdiction to inquire into it, and correct the errors, the more especially when it is alleged the proceedings by the guardian were in fraud of the rights of his wards.

The objection as to the parties, the omission to make the personal representatives of the deceased sureties, Craig and Hammers, parties defendant to the bill, is well taken.

In the case of the *People for the use, etc.* v. *Lott and others,* 27 Ill. 223, which was a bill filed by the distributees of the estate of P. Jarboe deceased, against the surviving administrator of the estate, the objection was made that the bill was defective for the want of proper parties.  The representatives of

the deceased sureties, having been omitted, as in this case, it was held that it was defective for that reason. We said the representatives of the deceased sureties have a direct interest in being heard in the adjustment of the administrator's accounts, as they would be liable to contribute in their representative character, for their proportion of any sum found remaining in the hands of the administrators, or misapplied or wasted by them. With only a portion of the parties to the bond or their representatives before the court, a decree doing full and complete justice to the several parties could not be rendered. The same rule must apply to the sureties on a guardian's bond and their representatives, and for the same reasons.

This objection is in time, under the authority of the case of *Prentice* v. *Kimball*, 19 Ill. 322. There it was held, that it was the usual and better practice, where the want of proper parties is apparent on the face of the bill, to take advantage of it by demurrer or motion to dismiss, or, if not patent, by plea or answer. Where the parties omitted are mere formal parties and not indispensable to a decision of the case upon its merits, it will be too late to make the objection at the hearing, but where the rights of parties not before the court are intimately connected with the matter in dispute, so that a final decree cannot be made without materially affecting their interests, the objection may be taken at the hearing, or on appeal or on error.

On the other point, we do not consider it was necessary to take out letters of administration on the estate of Susan Jane Rotan, as she died in her minority at an age incapable in law of contracting debts, and her share, on her death, vested immediately in her next of kin entitled thereto. *Cross* v. *Carey*, 25 Ill. 564; *Riley* v. *Loughrey*, 22 id. 97.

As to the fraud charged in the settlement by Willis Smith with the court of probate, we see nothing in the record justifying the charge. There is nothing apparent there to destroy its credit. The sum of one hundred and five dollars alleged to have been chargeable against one of the heirs only, may have been chargeable against the entire fund. This was a question

for that court.   If the settlement with that court was fair, and we see nothing to impeach it, it cannot be overhauled here in the absence of any proof of fraud.   The court had competent jurisdiction of the subject, and of the person, and however erroneous its decisions may be, they must stand until reversed by a superior court.   We do not find in the record any *data* by which we can adjust the accounts and claims set up, but must leave the adjustment to the parties themselves.

For the want of proper parties the decree is reversed, and the cause remanded with leave so to amend the bill as to make the representatives of the deceased sureties parties.

*Decree reversed.*