WALTERS v. THE CHICAGO, ROCK I. & P. R. Co.

1. **Damages:** FOR DEATH OF INFANT. In an action by the administrator of an infant to recover for his death, caused by injuries received, the recovery of damages is limited to those accruing to the estate after the infant would have attained his majority.

2. —— For the damages accruing before that period, the father, if living, if not, the mother, might, under our statute (Rev., § 2792), maintain an action.

*Appeal from Scott District Court.*

TUESDAY, JUNE 4.

ACTION at law by an administrator to recover damages for the death of the intestate caused by the negligent act of the servants of defendant. There was a judgment upon a verdict for

$750 in favor of plaintiff, from which he now appeals. The facts involved in the points ruled appear in the opinion.

*Grant & Smith, Davison & True* for the appellant.

*Cook, Richman & Bruning* for the appellee.

BECK, Ch. J. — The intestate, whose administrator is the plaintiff in this action, was less than two years old when he was run over and killed by an engine and cars upon the railroad of defendant. The question presented for our determination by the record before us pertains exclusively to the measure of damages which plaintiff is entitled to recover, and arises upon a ruling of the court as to the admissibility of evidence and an instruction given to the jury.

The plaintiff offered in evidence the Carlisle tables to show the expectancy of life of the intestate when the accident occurred, claiming to show thereby that the expectancy of the life of a child of his age is forty-four years. This evidence was excluded upon the ground that plaintiff may only recover the value of the services of the child to the completion of his twenty-first year. The court in charging the jury instructed them in these words: "You are confined in your assessment of damages to the pecuniary loss sustained by the death of the deceased, and in ascertaining this you cannot estimate it beyond the time when the deceased would have completed his twenty-first year." The father of the deceased is the administrator and plaintiff herein.

This question, and it is the only one, demands our consideration : May the father of a minor child whose death was caused by the wrongful act of defendant, suing as an administrator of the deceased, recover for loss or damages accruing after the day the deceased would have attained his majority?

The consideration of this question involves the application of certain statutory provisions which, that our conclusions and the grounds whereon they are based may be fully understood, we will quote at length.

Rev., § 4111. — "When a wrongful act produces death the perpetrator is civilly liable for the injury. The parties to the action' shall be the same as though brought for a claim founded on contract against the wrong-doer and in favor of the estate of the deceased. And the sum recovered shall be disposed of in the same manner, except that when the deceased left a wife, child or parent surviving him, it shall not be liable for the payment of debts."

Rev., § 2792.—"A father, or in case of his death or imprisonment or desertion of his family, the mother, may prosecute as plaintiff an action for the expenses and actual loss of service resulting from the injury or death of a minor child."

The section first quoted is an innovation upon the common law, giving a right of action where none before existed. We have been referred to no case where a statute identical in its provisions has received judicial construction. One or two similar to some extent, yet differing in important respects, have been passed upon by the courts. We are, therefore, without precedent to aid us in our inquiries as to the true force and effect to be given to the statute before us.

It is not denied that the administrator of an intestate, brought to his death by the wrongful act of another, is, under the statute, a proper party to maintain an action for the injury for which recovery is provided therein. Neither is it denied that, if the intestate were, at the time of his death, a minor the same right of action would exist in favor of his representatives.

It has not been and will not be disputed that in the case of an intestate, who had passed his majority, the damages sustained by his death, which may be recovered by his administrator, are such as result to *his estate*, and an estimate of which may be based upon evidence of his age, occupation, health, habits, etc. *Donaldson, admr.*, v. *The M. & M. R. Co.*, 18 Iowa, 280. The damages that may be, in such action, recovered are not those that accrue to the next of kin, but are such as the estate of the deceased has suffered by the wrongful act. *Sherman* v. *The Western Stage Co.*, 24 Iowa, 515. Now it is

evident that the inquiry, in such case, as to the results of the injury to the estate of the deceased, within the bounds of proper rules, does not stop at any point of time within the limits of the probable age the intestate otherwise would have attained. Hence it is proper to show his expectancy of life as thereon may be based an estimate of the damage to the estate. *Donaldson* v. *The M. & M. R. Co., supra.*

In the case of a minor, the statute makes no different provisions as to the rights of the administrator who sues for the injury to the estate. And, to our minds, the respective rights and liabilities of the parties are, in both cases, the same. The statute discovers no distinction. The action in each case is alike for the benefit of the estate, to recover damages sustained by it. If, in the case of the death of one past majority, his expectancy of life is a basis for an estimate of damages, the same is true where the intestate was a minor. The law esteems the estate to sustain injury in proportion as the life of the intestate, according to rational probabilities, would have continued, subject, of course, to other recognized rules governing the damages to be allowed. When it is remembered that the injury sustained by the next of kin does not constitute an element in the damages to be allowed (*Sherman* v. *The Western Stage Co., supra*), it will be at once seen that because the father's claim and right to the services of the child cease at the child's majority, this is no reason that inquiry, as to the damages sustained by the estate, should terminate at the same period of time. The loss of services of the child before majority is an injury to the father and not to the estate of the child. As the action is not to remunerate the father for his injury, the period at which his claim for services and consequent injury ceases will not terminate the loss and injury of the estate.

Had this action been prosecuted under Revision, section 2792, above quoted, the views of the court, as expressed by the rulings before stated, would have been correct.

The cases cited by defendant's counsel were decided under statutes that differ from ours in this important particular, that

the injuries sustained by the wife, husband or next of kin is the foundation of the damages for which recovery may be had in an action for the death of one, caused by the wrongful act of another, and they appear to be framed with a view to provide a remedy whereby such persons may recover for the loss they sustain. They do not contemplate an action for the benefit of the estate of the deceased. The following cases are believed to have been decided under statutes of this character: *State of Maryland* v. *B. & O. R. R. Co.*, 24 Md. 84; *Zeba* v. *Pa. R. R. Co.*, 33 Penn. St. 318, 329; *Lehman* v. *City of Brooklyn*, 29 Barb. 234. The foregoing remarks are equally applicable to the Illinois cases cited by counsel.

Our conclusion, we think, finds support in *Bowler* v. *Lane,* 3 Metc. (Ky.) 311; and *Blake* v. *Midland R. R. Co.*, 10 Eng. Law & Eq. 443 (16 Jurist, 562), and *Potter* v. *C. & N. W. R. R. Co.*, 21 Wis. 372. The statutes under which these decisions were had differ from ours in some important particulars, but doctrines announced therein are in harmony with our views.

It will be readily understood from all we have said, that, in our opinion, the administrator is not entitled to recover for damages accruing prior to the time at which the child would have attained his majority; the father or mother, under Revision, section 2792, is the proper party to an action to recover such damages.

It follows, from the views we have expressed, that the rulings of the court upon the question of evidence, as well as upon the instructions given to the jury above set out, are erroneous. The judgment is therefore

Reversed.