## LAWRENCE v. BIRNEY ET AL.

**Parties:** ACTION FOR DEATH OF MINOR.   An action for damages caused the estate of an infant by wrongful acts resulting in his death is limited to a recovery for probable earnings after he shall have attained his majority, and must be brought by his administrator; for his personal services and earnings *during* minority the father or, where abandonment is shown, the mother may maintain the action.

### Appeal from Bremer District Court.

### FRIDAY, APRIL 23.

THIS action is bought by the plaintiff, as administratrix of the estate of R. M. Lawrence, deceased, against the defendants, who are practicing physicians, to recover damages for the death of the said intestate, R. M. Lawrence, alleged to have been caused by the wrongful act or mal-practice by the defendants.   The defendants controverted the allegations and claim of the plaintiff.   Upon a trial of the issues to a jury, there was a verdict and judgment for plaintiff, for $1,750.   The defendants appeal.

*Pratt & Root* and *G. C. Wright*, for appellants.

*Starr, Patterson & Harrison*, for appellee.

COLE, J.—The testimony upon the trial showed, among other facts, that R. M. Lawrence was deceased, and that plaintiff had been duly appointed administratrix; that he was sixteen years of age at his death in September, 1873; that about two years prior thereto his father abandoned the family, and a few months prior to his death the mother and decedent agreed with Alvin Lewis that deceased should work for, and live with, him till he attained majority, and should have his board, clothing, schooling, etc., and at age, a new suit, a horse and fifty dollars; that at the time of his death the deceased was working for Lewis under that agreement. Evidence was also introduced showing the value of a horse and new suit of clothing.

Hereon the defendants moved to dismiss the cause, for that deceased had not been emancipated, "was not working for himself, his estate had no interest in the suit, and his administratrix could not bring or sustain the action. This motion was overruled, and this ruling is the only error assigned. The determination of this question, it is claimed, involves the construction of four sections of our Code, to-wit: "2526. The right of civil remedy is not merged in a public offense, but may, in all cases, be enforced independently of, and in addition to, the punishment of the latter. When a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased, except that if the deceased leaves a husband, wife, child or parent, it shall not be liable for the payment of debts."

"2525. All causes of action shall survive, and may be brought notwithstanding the death of the person entitled or liable to the same."

"2556. A father, or in case of his death or imprisonment or desertion of his family, the mother, may prosecute as plaintiff an action for the expenses and actual loss of service resulting from the injury or death of a minor child."

"2565. The action of a minor must be brought by his guardian or next friend, * * * * * ."

Under these sections, we hold that the cause of action for the wrongful death survived to the administrator. That the damages to the estate of the infant, as in this case when there

is no property or right, except the probable fruits of his personal earnings, if he had lived, are limited to those which would arise at, and after he should have attained majority. *Walters v. The C., R. I. & P. R. Co.*, 36 Iowa, 458. That for such earnings as would accrue prior to his attaining majority, the father, or in this case, where abandonment is shown, the mother could maintain the action, under section 2556 above, which is the same as Rev., Sec. 2792, Ibid. That the manner of bringing an action by a minor has nothing to do with this case.

It follows that the motion to dismiss was properly overruled.

