WALLACE G. BOWDEN AS ADMINISTRATOR OF THE ESTATE OF REUBEN BOWDEN, PLAINTIFF IN ERROR, v. THE JACKSONVILLE ELECTRIC COMPANY, DEFENDANT IN ERROR.

1. An administrator may be appointed, to administer upon the estate of a deceased minor.

2. An administrator of the estate of a deceased minor under the provisions of Sections 2342 and 2343 of the Revised Statutes of 1892 may recover damages for the death of his intestate when such death was caused by the wrongful act, negligence, carelessness or default of a corporation or its agents when acting as such, and such minor leaves neither widow nor minor child or children, not any person or persons dependent on him for a support.

3. An allegation in a declaration that "W. G. B. was duly appointed as administrator of the estate of said R. B., deceased" is equivalent to an allegation that such administrator was appointed according to law.

4. Under section 17 of Article V of the Constitution the County Judge has general power to grant letters of administration, and as such letters of administration can lawfully be granted on the estate of a deceased minor, an allegation in a declaration that a named person was duly appointed as administrator of the estate of a named deceased minor is a sufficient allegation of the granting of such letters, the regularity of the granting thereof not being subject to collateral attack.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Bryan & Bryan,* for Plaintiff in Error.

*J. E. Hartridge,* for Defendant in Error.

WHITFIELD, J. The plaintiff in error as administrator brought an action in the Circuit Court for Duval county to recover damages for the death of Reuben Bowden alleged to have been caused by the wrongful act of the defendant in error. The declaration contains six counts, and alleges that Reuben Bowden, on August 25, 1904, died from the injuries received while a passenger on one of defendant's street cars by the careless and negligent operation of said cars by defendant; "and that the said Reuben Bowden died leaving neither widow nor minor child or children, nor any person or persons dependent upon him, the said Reuben Bowden, for a support; that the said Wallace G. Bowden, plaintiff, was on to-wit: August 30th, 1904, duly appointed as administrator of the estate of said Reuben Bowden, deceased." A

demurrer to the declaration was overruled and the defendant plead to each of the six counts: (1) Not guilty; (2) The death of the said Reuben Bowden was caused solely by his own negligence and not otherwise; (3) That Reuben Bowden, deceased, of whom the said Wallace G. Bowden claims to be administrator, was, at the time of his death, an infant under twenty-one years of age, and that there is no authority under the laws of the State of Florida for the appointment of an administrator of a minor. Issue was joined on the first and second pleas. The third plea was demurred to on the grounds (1) That it presents no defense to the plaintiff's cause of action; (2) The appointment as administrator is valid. This demurrer to the third plea was overruled. The plaintiff refused to plead further, refused to join issue on the third plea, and elected to stand on his demurrer to the third plea. Thereupon the court rendered final judgment on the demurrer for the defendant. The plaintiff took writ of error and assigns as errors (1) The overruling of plaintiff's demurrer to the defendant's third plea; (2) The entering of judgment for the defendant and against the plaintiff.

The question presented for determination is whether there is authority under the laws of this State for the appointment of an administrator of a minor. There are decisions holding the appointment of an administrator of the estate of a deceased minor unnecessary under given circumstances, see Hargroves Adm'r. v. Thompson, 31 Miss. 211; Lynch v. Rotan, 39 Ill. 14, but no authority is produced denying the power of a proper court to grant letters of administration on the estate of a deceased minor. On the contrary, there are a number of cases to be found in which the administrators of the estates of deceased minors have been recoginzed. See Jones v.

Dexter, 8 Fla. 276; Barrett v. Provincher, 39 Neb. 773, 58 N. W. Rep. 292; City of Horton v. Trompeter, 53 Kan. 150, 35 Pac. Rep. 1106; Wheeler, Adm'r v. St. Joseph & W. Ry. Co., 31 Kan. 640, 3 Pac. Rep. 297; Union Pacific Ry. Co. v. Dunden, 37 Kan. 1, 14 Pac. 501; City of Chicago v. Scholten, 75 Ill. 468; 18 Cyc. 63; 1 Woerner's American Law of Administration (2nd ed.) section 201; 11 Amer. & Eng. Ency. Law, 744; Chicago & Alton R. R. Co. v. Logue, Adm'r. 47 Ill. App. 292; Estate of Livermore, 132 Cal. 99, 64 Pac. Rep. 113, S. C. 84 Amer. St. Rep. 37; Lawrence v. Birney, 40 Iowa, 377; Kennedy v. Ryall, Adm'r. 67 N. Y. 379. See, also, extended note to Blood v. Kane, 15 L. R. A. 490.

A minor may acquire property and may be charged with obligations for which his estate would be liable; for example, for those imposed on him by law, for necessaries and for certain torts and other obligations known to the law; and these obligations, as well as property rights belonging to the minor, after his death are enforced ordinarily through an administrator or executor. See George & Ratcliffe v. Dawson's Guardian, 18 Mo. 407; Cobb v. Brown, Speer's Eq. (S. C.) 564; 16 Amer. & Eng. Ency. Law, (2nd ed.) 273, *et seq;* Shropshire v. Burns, Adm'r., 46 Ala. 108.

The sections of the Revised Statutes under which this action is brought are:

2342. "Whenever the death of any persons in this State shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals. or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, carelessness, negligence or default of any agent of any corporation, acting in his capacity of agent of such corporation, and the act, negligence, carelessness or default is such as

would, if death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then and in every such case the person or persons who or corporation which would have been liable in damages, if death had not ensued, shall be liable to an action for damages, notwithstanding the death shall have been caused under circumstances as would make it in law amount to a felony."

2343. "Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person so killed; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed. Any action instituted under this article by or in behalf of a person or persons under twenty-one years of age shall be brought by and in the name of a next friend."

This statute gives a right of action upon the death of *any person* under the conditions named in the act and provides that in the absence of a widow or husband, minor child or children, and person or persons dependent on such person killed for support, "then the action may be maintained by an administrator or an executor, as the case may be, of the person so killed." In the case of Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1,

text. 70, 25 South. Rep. 338, this court in discussing this statute said: "On no account does an action fail for want of a person to sue." And the right of the administrator of the estate of a deceased minor to recover under this statute has been recognized in this State. See Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246; Louisville & N. R. Co. v. Jones 50 Fla. 225, 39 South. Rep. 485; Callison v. Brake, 129 Fed. Rep. 196; Florida Cent. & P. R. Co. v. Sullivan, 120 Fed. Rep. 799, S. C. 61 L. R. A. 410. See, also, Russell, Adm'r. v. Windsor Steamboat Co., 126 N. C. 961, 36 S. E. Rep. 191; Schleiger v. Northern Terminal Co., 43 Oregon 4, 72 Pac. Rep. 324.

The declaration alleges that "Wallace G. Bowden was duly appointed as administrator of the estate of said Reuebn Bowden, deceased." "Duly appointed" means appointed according to law. See Clements v. State, 48 Fla. 9, 40 South. Rep. 432; 3 Words and Phrases Judicially Defined, 2260; Rockwell v. Merwin, 45 N. Y. 166.

The County Judge under section 17 of Article V of the Constitution has general power to grant letters of administration, and as such letters of administration can lawfully be granted on the estate of a deceased minor, the allegation of the appointment of the administrator is a sufficient allegation of the granting of the letters of administration, the regularity of such granting not being subject to collateral attack. Johnson v. Beazley, 65 Mo. 250, S. C. 27 Am. Rep 276; Driggs v. Abbott, 27 Vt. 580, S. C. 65 Am. Dec. 214; Robinson v. Epping, 24 Fla. 237, 4 South. Rep. 812.

The judgment is reversed at the cost of the defendant in error, and the cause is remanded with directions to

12 S. C.

sustain the demurrer to the third plea and for further proceedings according to law.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.