## William Routt, Trustee, v. Charles S. Newman et al. Charlotte M. L. Newman, Appellee, v. Charles S. Newman, Appellant.

### Gen. No. 15,387.

1. TRUSTS—*conditions of bequest of income.* *Held,* that the words "during the continuance of the trust" left the bequest of the income to run until stopped by the termination of the trust.

2. TRUSTS—*when share of income vests not in personal representative but in next of kin.* If a beneficiary in a will dies at an age

incapable in law of contracting debts his share of an income to which he was entitled, at his death vests not in his personal representative but in his next of kin.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 23, 1911.

ANGUS ROY SHANNON, for appellant.

DYRENFORTH, LEE, CHRITTON and WILES, for appellee; GEORGE A. CHRITTON and STUART D. WALLING, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Caroline Newman died March 14, 1893, leaving a will, by which she devised certain real estate to William Routt in trust for the following uses and purposes:

"First, a. For the purpose of keeping said lands and tenements and stores well rented; to make reasonable repairs upon the same; to pay promptly all taxes and assessments thereon; to reasonably insure against damage by fire; to pay over all remaining rents and income in cash as follows, to-wit: One-fourth of said remaining income into the hands of my said son, Harvey R. Newman, in person; one-fourth of said remaining income into the hands of my said son, Benjamin L. Newman, in person; one-fourth of said remaining income into the hands of my said son Charles S. Newman in person and one-fourth of said remaining income into the hands of my said son Henry J. Newman in person, and the said remaining income is not to be paid upon any written or verbal order nor upon any assignment or transfer by either or any of my said sons, Harvey R. Newman, Benjamin L. Newman, Charles S. Newman and Henry J. Newman.

"Second, b. Upon the decease of either or any of my said sons during the continuance of this trust his share of the remaining income shall go to the child or children of his body during the continuance of this trust, and in case said son leaves him surviving no

lawful child or children of his body then one-half of his said share shall go to his surviving widow during her lifetime during the continuance of said trust and the other half of his said share shall go equally among my surviving sons during the continuance of said trust. And in case said son leaves him surviving no lawful child or children of his body and no widow then his share shall be divided equally among my surviving sons during the continuance of said trust. Any person under the terms of this said trust who shall become the recipient of the said remaining income or any portion thereof shall have same paid to him, her or them in cash and in person into their hands and not to be paid upon any written or verbal order, nor upon any assignment or transfer by any such person.

"Third, c. This trust is to continue until all my said sons will have become deceased and then to cease and be determined.

"Fourth, d. At the termination of this said trust the said lands and buildings thereon shall vest in the heirs of my body then living per stirpes. And in default of such heirs to vest according to the laws of the State of Illinois now in force."

The testatrix left her surviving her four sons mentioned in the will. Of these Harvey R. died in 1897, leaving neither child nor widow; Henry J. died in 1903, leaving appellee, his widow, and Richard W. Newman, their son, and Benjamin L. died in 1906, leaving Ida Hale Newman, his widow, but no child. Under the provisions of the will, after the death of Harvey R. Newman each of his brothers became entitled to four-twelfths of the income; on the death of Henry J. Newman his share of the income went to his son, Richard W., and on the death of Benjamin L. Newman one-half of his share of the income went to his widow and the other half to Charles S. Newman, his only surviving brother.

Routt, the trustee, filed a bill asking to be relieved from his duties as trustee and for the appointment of a new trustee. Richard W. Newman, a defendant

to the bill, filed his answer, and also a cross-bill.  He died November 5, 1907, at the age of sixteen, leaving his mother, the appellee, his only heir at law and next of kin.  She filed a supplemental cross-bill against Routt, as trustee, Charles S. and Ida Hale Newman, defendants, alleging the facts above stated and claiming that she, as the sole heir and next of kin of her deceased son, was entitled to the share of the income to which he was entitled at the time of his death.  She afterwards amended her supplemental cross-bill by making herself complainant as administratrix of the estate of her son, as well as in her own right as his heir at law and next of kin.  The defendants demurred to the supplemental cross-bill as amended.  These demurrers were overruled, and the defendants electing to stand by their demurrers, the bill was taken as confessed.  The decree finds the facts substantially as above stated; directs that Routt as trustee account to Charlotte M. L. Newman for four-twelfths of said income; that he pay to her all that portion of the income to which Richard W. Newman was entitled at the time of his death and to which he would continue to be entitled if living, such payments to continue until the termination of the trust.  From this decree Charles S. Newman appealed.

The will of Caroline Newman provides that: "Upon the decease of either or any of my said sons during the continuance of this trust his share of the remaining income shall go to the child or children of his body during the continuance of this trust, and in case said son leaves him surviving no lawful child or children of his body, then one-half of his said share shall go to his surviving widow and the other half of his said share shall go equally among my surviving sons during the continuance of said trust.  *  *  * This trust is to continue until all of my said sons will have become deceased, and then to cease and be determined."  Henry J. Newman at his death was entitled to four-twelfths of the income of the trust

estate, and his share, by the terms of the will, went to Richard W. Newman, his only child, "during the continuance of the trust." We think that on the death of Richard W. Newman the right to his share of the income to which he was entitled at his death passed to his legal representative; that the words, "during the continuance of the trust" plainly leaves such bequest of the income to run on until stopped by the termination of the trust. Savery v. Dyer, Ambler, 139; Jones v. Randall, 1 Jac. & Walker 100; Bryan v. Twigg, 3 Eq. Cases, 432; Bryan v. Twigg, 3 Chan. Appeal Cases 182; Morgan v. Williams, 66 How. Prac. 139.

It is true that the cases above cited, except Morgan v. Williams, were cases of annuities, but so far as the question here presented is concerned we think there is no substantial difference between a bequest of an annuity during the life or lives of another or others, and the bequest of income of trust property during such life or lives. Kelly v. Casey, 17 N. Y. Supp. 86, is not in conflict with the cases above cited. In the opinion in that case it was said: "If the second and third paragraphs of the will, which are as follows: 'Secondly. I give and bequeath to my sister, Catharine Casey, an annual income of two hundred dollars during the life of my wife Ann Casey. Thirdly. I give and bequeath to my said wife all of the remainder of the income of my estate, real and personal,' stood entirely alone, then the legacy of $200 directed by the testator to be paid to his sister Catharine would continue and be payable to her executors during the lifetime of his widow, Ann Casey. The cases of Savery v. Dyer, Ambler 139, and of Morgan v. Williams, 66 How. Prac. 139, are authorities directly supporting this conclusion." There were, in the opinion of the majority of the court, other provisions in the will which excluded the intention that the annuity should continue after the death of the sister.

But for the fact that Richard W. Newman died

in his minority, at an age incapable in law of contracting debts, the share of the income to which he was entitled at his death should be paid to his legal representative, but because of that fact his share of the income vested immediately in his mother, his next of kin.  Lynch v. Rotan, 39 Ill. 14; McCleary v. Menke, 109 id. 294.

The chancellor properly overruled the demurrers to the supplemental cross-bill as amended, the decree is in accordance with the intention of the testatrix as expressed in her will and is affirmed.

*Affirmed.*