E.L.K., S.K., and R.K., Plaintiffs,

v.

Ted ROHLWING, Craig Yarde, and Rob Ransom, Defendants.

No. C90–2038.

United States District Court, N.D. Iowa, E.D.

Jan. 14, 1991.

Douglas A. Fulton, Daniel L. Manning, Des Moines, Iowa, for plaintiffs.

James U. Mellick, Waukon, Iowa, for defendant Craig Yarde.

Calvin R. Anderson, Andrew F. Van Der Maaten, Decorah, Iowa, for defendant Rob Ransom.

Thomas D. Hobart, Timothy J. Krumm, Iowa City, Iowa, for defendant Ted Rohlwing.

### ORDER

HANSEN, District Judge.

This matter is before the court on defendant Ted Rohlwing's resisted motion to dismiss Count VII of plaintiffs' complaint, filed August 6, 1990. Under Count VII, plaintiffs S.K. and R.K. seek to recover for the loss of consortium of their child, plaintiff E.L.K., and punitive damages stemming from Ted Rohlwing's alleged assault and battery upon E.L.K. Defendant moves to dismiss Count VII on the grounds that plaintiffs S.K. and R.K. are precluded from recovering loss of consortium damages incurred after E.L.K.'s eighteenth birthday, as well as punitive damages under Iowa Rule of Civil Procedure 8 (rule 8).

This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Because the court sits in diversity, plaintiffs' claims must be determined under applicable state law. *See, e.g., Erie R.R. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Whether parents can recover damages for injuries incurred by their child after she reaches eighteen years of age and caused by the alleged wrongful act of a third party has not been decided by the Supreme Court of Iowa. This court must then "judicially 'estimate' what the Iowa Supreme Court would do if confronted with the same issue." *Heeney v. Miner*, 421 F.2d 434, 439 (8th Cir.1970) (citing *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 209, 76 S.Ct. 273, 279, 100 L.Ed. 199 (1956) (concurring opinion)).

### Loss of consortium

Defendant claims that it is well established under Iowa law that a parent's recovery under rule 8 is limited to those damages incurred prior to a child attaining his majority. Rule 8 provides:

A parent, or the parents, may sue for the expense and actual loss of services, companionship and society resulting from injury to or death of a minor child.

What appears to be well established, however, is that when a child dies, a parent can recover damages only until the child would have attained his majority. *See, e.g., Miller v. Wellman Dynamics Corp.*, 419 N.W.2d 380, 383 (Iowa 1988) (recovery restricted to benefits normally accrued during decedent's minority only); *Wardlow v. City of Keokuk*, 190 N.W.2d 439, 442 (Iowa 1971) (same); *Carnego v. Crescent Coal Co.*, 164 Iowa 552, 560, 146 N.W. 38, 42 (1914) (same); *Lawrence v. Birney*, 40 Iowa 377, 378–79 (1875) (same); *Walters v. The Chicago, R.I. & P.R.*, 36 Iowa 458, 462 (1873) (same). There are no similar cases in Iowa addressing the limitations on damage recovery when the child is injured and not killed, and the Iowa courts have recognized that rule 8 creates a separate parental right of action for damages independent of wrongful death. *See Miller*, 419 N.W.2d at 383; *Egan v. Naylor*, 208

N.W.2d 915, 916 (Iowa 1973). In *Wardlow*, the Supreme Court of Iowa noted that rule 8 and its predecessors provide a means for obtaining redress for injuries to a parent as the consequence of the death of a minor child, but insofar as it governs actions by a parent seeking compensation on account of injuries not resulting in death, "it is perhaps only a codification of the common law." *Wardlow*, 190 N.W.2d at 443.

Only a handful of jurisdictions have directly addressed the period of time for which a parent may recover damages for their child's injuries in filial consortium cases. *Compare Schockley v. Prier*, 66 Wis.2d 394, 399, 225 N.W.2d 495, 500 (1975) (measure of damages includes loss of companionship of a minor child during his minority) *with Frank v. Superior Court of Arizona*, 150 Ariz. 228, 233, 722 P.2d 955, 960 (1986) (suggestion that "compensable consortium begins at birth and ends at age 18 is illogical and inconsistent with common sense and experience"); *Shaw v. United States*, 741 F.2d 1202, 1209 n. 9 (9th Cir. 1984) (period for which damages are recoverable not limited to child's minority) (applying Washington law); *Harbeson v. Parke–Davis, Inc.*, 98 Wash.2d 460, 656 P.2d 483, 493 (1983) (recovery of damages not limited to child's minority). None of the jurisdictions which permit recovery beyond a child's minority, however, have statutes, such as rule 8, that specifically limit the parental recovery for loss of consortium to minor children.

Two Iowa cases addressing the limitations of recovery under the reverse claim—a child's cause of action for loss of parental consortium—perhaps shed some light on how the Iowa court might rule should it be faced with this question. In *Weitl v. Moes*, 311 N.W.2d 259, 270 (Iowa 1981), the Supreme Court of Iowa recognized "that a minor has an independent cause of action for loss of the society and companionship of a parent who is tortiously injured by a third party so as to cause a significant disruption or diminution of the parent-child relationship." At the same time, the court, however, limited the damages available under this cause of action "to the period of the child's minority," de-

spite its recognition of the benefit that adult children receive from their parents' society and companionship. *Id.* The court noted that such a requirement provides "parity with rule 8, which limits the parent's consortium damages to the period of the child's minority." *Id.*

In *Audubon–Exira Ready Mix, Inc. v. Illinois Cent. Gulf R.R. Co.*, 335 N.W.2d 148, 152 (Iowa 1983), the court reconsidered the length of time parental consortium damages are recoverable. While again recognizing that limiting the recovery to the period of the child's minority could be said to provide parity with a parent's limited right of recovery under rule 8, the court found such a restriction in parental consortium actions to be "unnecessarily limited in scope." *Id.* The court concluded that the fact finder should be able to evaluate the extent of a child's loss of parental consortium, and that it was "not a matter to be decided solely on the basis of the child's date of birth." *Id.*

In *Audubon–Exira*, the court based its reversal of *Weitl* on its recognition of the benefit that adult children receive from their parents' companionship. *See* 335 N.W.2d at 152 ("Even adult and married children have the right to expect the benefit of good parental advice and guidance.") (quoting *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 665 (Iowa 1969)). It is not the children, however, who are the beneficiaries of rule 8. Actions brought under rule 8 are not for the benefit of the child but are to compensate the parents for the injury to their child. *Wardlow*, 190 N.W.2d at 443. Consequently, the reasons underlying *Audubon–Exira's* expansion of the period of recovery under parental consortium claims are not applicable in rule 8 cases.

■ On the other hand, while only dicta, both *Weitl* and *Audubon–Exira* state the proposition that rule 8 permits recovery only for the period of the child's minority. In light of the limited consortium recovery allowed in death actions brought pursuant to this rule and the dearth of any authority to the contrary, the court finds that the

Iowa court would hold that plaintiffs' recovery is limited to those damages incurred while their daughter was still a minor.

This court's decision is bolstered by the recent Iowa case of *Ruden v. Parker*, 462 N.W.2d 674 (Iowa 1990), in which the Iowa court upheld rule 8 in the face of an equal protection challenge. In *Ruden*, the plaintiff contended that the denial or omission by rule 8 of a parent's right to recover for loss of consortium of an adult child, while allowing parents to recover for loss of consortium of a minor child violates equal protection. In defending the legislature's distinction between a minor child and a child who is an adult, the court stated:

> Once emancipation or majority is attained, the [parent/child] relationship is different. The fact that there may be a continuing relationship between the parent and the adult child does nothing to diminish the fact that the relationship does change as the child becomes emancipated or reaches the age of majority.
>
> Since there is a difference in the degree and nature of the relationship, with that of the parent/adult child being somewhat less than that of the parent/minor child, the legislature can rationally treat these relationships in a different manner, and limit the recoverability of consortium damages to the situation where the child dies before reaching the age of majority or emancipation.

*Id.* at 676. The court then concluded that in light of the great importance of a minor child's interaction with his parents, it was rational for the legislature to choose to protect that relationship by allowing recovery when the minor child is killed or injured. *Id.* The court did not appear to distinguish between the recovery period triggered by death or by injury.

This court notes that the specific language of rule 8 also does not differentiate between damages recoverable as the result of injury or death. The *Ruden* court observed that the parents of an adult child could not recover damages under rule 8, because the language of rule 8 limits recovery to circumstances resulting from the death of a minor child. *Id.* at 675 (citing *Miller*, 419 N.W.2d at 383). This court believes that the reasoning of *Ruden* is equally applicable when a child is injured and finds that the specific language of rule 8 bars recovery for injuries incurred past the age of majority.

Plaintiffs cite only *Davis v. Davis*, 246 Iowa 262, 67 N.W.2d 566 (Iowa 1954), as contrary authority. In *Davis*, a father was ordered to continue to support his incapacitated adult son. 67 N.W.2d at 574. In so doing, the court noted both the general rule that a parent's obligation to support his child ends when the child attains his majority and the "widely recognized exception to this rule where the child because of weak body or mind is unable to care for itself upon attaining majority," finding that Davis plainly fell within the exception. *Id.* at 568. The court commented upon the obligation in most jurisdictions to support "defective children who are unable to support themselves upon attaining their majority." *Id.* (citing *Pocialik v. Federal Cement Tile Co.*, 121 Ind.App. 11, 97 N.E.2d 360, 363 (1951)).

*Davis* is readily distinguishable from the case at bar in two respects. First, it must be remembered that the purpose of rule 8 is to compensate parents for *their* loss caused by an injury to their minor children; it was not enacted for the benefit of the children themselves. *See Wardlow*, 190 N.W.2d at 443 ("Actions brought under rule 8 are not for the injury to the child but for the injury to the [parent] as a consequence of the injury to the child.") Rule 8 gives the parent a cause of action for a legal wrong to him *independent* of that of the child. *See Irlbeck v. Pomeroy*, 210 N.W.2d 831, 833 (Iowa 1973). In contrast, the purpose of the exception to a parent's duty to support a child only until his majority is to benefit that needy and incapacitated child, giving the child a legal cause of action. Secondly, the court notes that plaintiffs have not alleged the kind of physical and mental inability preventing E.L.K. from caring for herself which would trigger the application of the exception to the rule that a parent's support obligations cease at the child's majority.

In deciding that the damages incurred after E.L.K.'s eighteenth birthday are not compensable under rule 8, the court is not unfairly rewarding a tortfeasor who can now evade responsibility for his actions merely because his victim turned eighteen. Plaintiff can maintain, regardless of her age, and has so brought in her own right, a viable cause of action against defendant, as alleged in Count I, paragraph 8 of her complaint, for past and future medical and psychological care and treatment, past and future pain and suffering, loss of enjoyment of life, and loss of free association with her friends and family. Her parents are the only parties prevented from recouping those same costs incurred after E.L. K.'s eighteenth birthday.

While the court holds that S.K. and R.K. cannot recover damages for loss of filial consortium incurred after E.L.K. attained her majority, it is unclear from the pleadings whether any damages were incurred prior to her eighteenth birthday. Consequently, Count VII will only be dismissed to the extent that it states a claim for damages incurred after E.L.K.'s eighteenth birthday.

### Punitive damages

Defendant claims that punitive damages are not recoverable under rule 8. Plaintiffs claim that they are not relying upon rule 8 for recovery but upon the case of *Reutkemeier v. Nolte*, 179 Iowa 342, 161 N.W. 290 (1917).

The major element of damages recoverable under rule 8 is "loss of services." *Wardlow*, 190 N.W.2d at 442. The word "services" in rule 8 embraces both the practical and sentimental aspects of common-law consortium. *Madison v. Colby*, 348 N.W.2d 202, 206 (Iowa 1984). Parents can recover for medical and related expenses incident to an injury to a minor child and for the loss of companionship and society. *See H.L.O. v. Hossle*, 381 N.W.2d 641, 643 (Iowa 1986); *Wardlow*, 190 N.W.2d at 448. Emotional distress damages, however, are not recoverable under rule 8. *Wardlow*, 190 N.W.2d at 448.

In *Reutkemeier*, a father brought an action under Iowa Code § 3471 for the loss of services of his minor child who was "debauched" by defendant. 161 N.W. at 291; *see Dunn v. Rose Way, Inc.*, 333 N.W.2d 830, 832 (Iowa 1983) (statute similar to rule 8 in Iowa Code since the Revision of 1860). The court held that the father's recovery was not limited to expenses and loss of service, but in the case of wantonness and depravity *against both the minor and the father*, exemplary damages could be recovered as an incident of actual damage. *Id.*, 161 N.W. at 293. The court can find no recent Iowa cases addressing the question of whether punitive damages are recoverable in consortium actions.

Plaintiffs herein have alleged that defendant acted with legal malice in that his conduct constituted a wanton disregard for only E.L.K.'s rights and safety. *See* complaint at 11. In Iowa, an award of punitive damages is appropriate only when a party acts with actual or legal malice. *Parks v. City of Marshalltown*, 440 N.W.2d 377, 379 (Iowa 1989). However, given rule 8's stated purpose of compensating the parents for *their* injury as a consequence of their child's injury, the court believes that only a finding that defendant's conduct constituted a wanton disregard for S.K. or R.K.'s rights and safety would support an award of punitive damages under their consortium claim. Since plaintiffs have not alleged such an injury to themselves, they cannot recover punitive damages.

### ORDER

Accordingly, It Is Ordered:

Defendant Ted Rohlwing's motion to dismiss Count VII of plaintiffs' complaint, filed August 6, 1990, is granted to the extent that it states a claim for damages incurred after E.L.K.'s eighteenth birthday and to the extent that it states a claim for punitive damages.

Done and Ordered.